518 P.2d 113

**STATE of Arizona, Appellee,**

v.

**Thomas Edward RICHARDS, Appellant.**

**No. 2667.**

Supreme Court of Arizona,
In Banc.

Jan. 24, 1974.

Rehearing Denied Feb. 19, 1974.

Gary K. Nelson, Atty. Gen., William J. Schafer, III, Asst. Atty. Gen., Phoenix, for appellee.

Garth Nelson, Yuma, for appellant.

LOCKWOOD, Justice:

This is an appeal by the defendant, Thomas Edward Richards, from a judgment of guilt for the crime of possession of dangerous drugs for sale in violation of A.R.S. 32–1970 and § 32–1996 and a sentence of not less than two and one-half years nor more than five years in the Arizona State Prison.

Defendant raises several issues on appeal but we need only consider one question. Did the arresting officer have sufficient probable cause within the meaning of the Fourth Amendment to believe that the defendant had committed or was committing a violation of the state drug laws? If he did not then the warrantless arrest was illegal and the subsequent search of the defendant and his car and the seizure of dangerous drugs was invalid.

The facts necessary for the determination of this question before us are as follows. While on duty the night of September 20, 1972 and the morning of September 21, 1972, Officer Mahoney of the Yuma City Police heard two radio dispatches concerning a 1971 Blue Ford Pinto. The first stated that the car was en route to Yuma, Arizona from San Diego, California and was being driven by a person who was A.W.O.L. from the military. It was also believed that he was carrying dangerous drugs with him. The second dispatch disclosed that the car in question had just passed through the Arizona Inspection Station west of Yuma and was now carrying two male caucasians.

Shortly thereafter Officer Mahoney spotted the car. At the same time a Deputy Sheriff also spotted the car in question. Solely on the basis of the radio dispatches both officers simultaneously stopped the vehicle and ordered the occupants out. One of the occupants was the defendant. Both occupants were then handcuffed. Officer Mahoney then informed the defendant that he was under arrest for possession of dangerous drugs. Neither officer undertook to identify the two occupants, question them in any way, or make any further investigation at the time the vehicle was stopped and the occupants removed. Subsequently a search of both occupants and the vehicle was made. On the defendant's person was discovered a cigar tube containing amphetamines. Inside the car a paper sack containing 5200 Seconals, a barbiturate, was discovered along with a small caliber pistol and a military bayonet.

Testimony given by the officers indicated that during the interval between the time the vehicle was first spotted and the subsequent stopping of it and the removal of the occupants, neither occupant was seen by the officers to have made any suspicious or unusual movements. Both occupants complied fully with orders given by the officers. In addition both officers testified that they had no basis for stopping the car other than the information that they had received over their radios.

Testimony at the preliminary hearing indicated that the information resulting in the two separate law enforcement radio dispatches in Yuma originated with the San Diego Police Department which in turn contacted the Naval Air Station at Miramar, California. The Naval Air Station in turn notified the Marine Air Corps Station at Yuma and from there the information was relayed to the Yuma County Sheriff's Office, the Yuma Police Department, and the Sheriff's Office substation at Winterhaven, California. The record is barren as to the original source of information which initiated the foregoing chain of events. At no time did the prosecution ever establish that the San Diego Police would have had probable cause to arrest the defendant for either being A.W.O.L. from the military or for possessing dangerous drugs.

At his trial the barbiturates found in the car along with the pistol and bayonet were admitted into evidence. Defendant's motion to suppress the evidence was denied. On appeal the defendant contends that it was error to admit the evidence since it was the product of an unreasonable search and seizure. The search was unreasonable, he contends, because it was made pursuant to an unlawful, warrantless arrest.

In order for a warrantless search to be lawful it must be based on "probable cause". The officer making the arrest must have probable cause to believe that a felony has been committed and that the person arrested committed it. A.R.S. § 13–1403. Probable cause exists where the arresting officers have reasonably trustworthy information of facts and circumstances which are sufficient in themselves to lead a reasonable man to believe an offense is being or has been committed and that the person to be arrested is committing or did commit it. State v. Williams, 104 Ariz. 319, 452 P.2d 112 (1969); Ker v. State of California, 374 U.S. 23, 83 S.Ct.

1623, 10 L.Ed.2d 726 (1963); State v. Pederson, 102 Ariz. 60, 424 P.2d 810 (1967); State v. Vaughn, 104 Ariz. 240, 450 P.2d 698 (1969).

■ It is well established that the collective knowledge of the officers involved can be considered in determining whether probable cause did in fact exist. State v. Smith, 110 Ariz. 221, 517 P.2d 83 (1973); United States v. Romero, 249 F.2d 371 (2 Cir., 1957).

■ There is no question that the Yuma Police were entitled to act on the strength of the police bulletins. Such cooperation between law enforcement agencies is essential to effective law enforcement. State v. Williams, supra. However, it has been held that under certain circumstances the information which an arresting officer had received through police bulletins cannot furnish probable cause for an arrest.

Thus in Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), where an arrest of the accused and another person by the police was based upon a police radio bulletin which had been issued by a sheriff in another part of the state, the Supreme Court held that police officers called upon to aid other officers in executing an arrest warrant were entitled to assume that the other officer making the request had offered the magistrate the requisite information to support an independent judicial assessment of probable cause. However, if the contrary turned out to be true, an otherwise illegal arrest could not be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest. Although the sheriff who issued the bulletin had obtained an arrest warrant, and the bulletin had described the accused and another person suspected of the crime and had described the car they were probably driving and the items they had stolen, it was held that the complaint on which the warrant was issued could not support a finding of probable cause by the issuing magistrate, and that the arresting officer who had relied on the bulletin did not personally possess any information which would corroborate an informant's tip that the accused and the other person had committed the crime. The Court noted that the most which the additional information tended to establish was that either the sheriff or the informer, or both, knew the accused and the other person and the kind of car they drove, but that the record was devoid of any information at any stage of the proceeding from the time the crime was committed until the accused was arrested which would either support the reliability of the informer or his conclusion that the accused and the other person were connected with the crime.

■ In the instant case there was no showing that the instigating agency, the San Diego Police, had sufficient probable cause to make the arrest themselves. The facts also indicate that the arresting officers did not possess any factual data tending to corroborate the information in the broadcast that the defendant had committed any crime.

We hold therefore that there was no support for a finding of probable cause. Therefore the defendant's arrest violated his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution and the evidence secured as an incident to the arrest should have been excluded at his trial.

Reversed and remanded.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.