540 P.2d 1242

**STATE of Arizona, Appellee,**

v.

**Ernest Ambrose THOMAS, Appellant.**

**No. 3221.**

Supreme Court of Arizona,
En Banc.

Oct. 8, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Teresa S. Thayer, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

A jury found Ernest Ambrose Thomas guilty of second degree murder. He now appeals and this court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

Thomas contends that the trial court committed fundamental error by failing to instruct the jury of the elements of voluntary manslaughter. As his defense, he had argued self-defense and lack of intent to commit murder.

■ Usually the failure of the trial court to give a jury an instruction which has not been requested is not error. *State v. Evans*, 109 Ariz. 491, 512 P.2d 1225 (1973). However, because of the seriousness of the crime, the court is bound to instruct the jury on every degree of homicide even though there is no request if the instruction is supported by the evidence.

*State v. Clayton*, 109 Ariz. 587, 514 P.2d 720 (1973). In this case, the appellant has shown no evidence, nor have we found any in reading the transcript, indicative of a sudden quarrel or the heat of passion which would warrant an instruction on voluntary manslaughter. ARS § 13–455, § 13–456; *State v. Bray*, 106 Ariz. 185, 472 P.2d 54 (1970). There was no error.

Appellant also argues that the jury was improperly instructed that malice could be implied if the defendant "shows a reckless disregard for human life." This instruction was taken directly from the Recommended Arizona Jury Instructions, Crimes 4 (RAJIC 4).

■ Malice is implied when the circumstances of the killing show "an abandoned and malignant heart." ARS § 13–451(B). The phrase "wanton disregard for human life" has been held to reflect that statutory standard. *State v. Mendell*, 111 Ariz. 51, 523 P.2d 79 (1974); *People v. Poddar*, 10 Cal.3d 750, 111 Cal.Rptr. 910, 518 P.2d 342 (1974). We find no significant difference between the use of "wanton" and the use of "reckless." Neither instruction conveys the idea that grossly negligent behavior is sufficient to find the malice necessary for murder as the appellant urges. *State v. Mendell, supra*. Counsel made no objection to the instruction. The case cited to us, *State v. Chalmers*, 100 Ariz. 70, 411 P.2d 448 (1966), is inapposite. *State v. Mendell, supra*.

Furthermore, the jury could have correctly implied malice from the evidence adduced to prove the homicide if that same evidence showed neither mitigation nor justification. *State v. Mendell, supra*.

The judgment and sentence to a term of from 50 to 75 years in the Arizona State Prison are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concurring.