541 P.2d 1152

**STATE of Arizona, Appellee,**

v.

**Robert Lewis TURNER, Appellant.**

**No. 3223.**

Supreme Court of Arizona, En Banc.

Nov. 6, 1975.

Rehearing Denied Dec. 2, 1975.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and John Pressley Todd, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by John Foreman, Former Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Robert Lewis Turner appeals his conviction of the crime of aggravated battery, and the sentence of not less than two nor more than three years. This court has jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court.

On May 30, 1974, Officers Donald J. Wood and Clark Carlson, of the Phoenix Police Department, questioned a suspected prostitute at the Annex Hotel in Phoenix. The appellant interrupted the questioning and advised the woman that she did not have to answer the officers' questions. Appellant was then asked by Officer Wood to identify himself. Appellant stated that his name was "Billy." The woman, however, called the appellant "Bobby." Officer Carlson recalled that a warrant had been issued for the arrest of a Bobby Brown and, based on a picture he had seen of Brown, suspected appellant to be the fugitive. Officers Carlson and Wood again asked appellant his name. Appellant did not answer. The officers then placed appellant against a wall and Officer Carlson patted down his outer clothing. The officers attempted to arrest the appellant, but their attempts were resisted. During the ensuing scuffle, Officer Carlson suffered a broken nose when punched by appellant.

Appellant argues that the trial court erred in finding him guilty because the record demonstrates that he was lawfully resisting an unlawful arrest. We disagree.

The record indicates that the appellant waived his right to trial by jury and through his attorney stipulated to the submission of the preliminary hearing transcript as the basis for a decision on his guilt or innocence. We will not disturb the trial court's determination unless there is clear and manifest error. *State v. Flynn*, 109 Ariz. 545, 514 P.2d 466 (1973). Appellant urges this court to base its finding of error on the grounds of improper investigative detention. Testimony was elicited at the preliminary hearing from both police officers who participated in the investigation. Their testimony indicates that they questioned the appellant after he interfered with their investigation of the unidentified woman. In order for an investigative detention to be reasonable under the Fourth Amendment, the officer's

**352**

action must be "justified at its inception," and said action must be "reasonably related in scope to the circumstances which justified the interference in the first place." *Terry v. State of Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 20 L.Ed.2d 889 (1968). We hold that the officers' actions were reasonable in asking appellant to identify himself under the circumstances.

Appellant argues that this court should find error based on the unlawfulness of the arrest. Our review of the record reveals that appellant attempted to mask his identity. Officer Carlson made an observation that the unidentified woman called appellant by another name. It was at this time that Carlson recalled the outstanding felony warrant and questioned appellant further. "An arrest without a warrant is valid if based on probable cause." *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963). "The collective knowledge of the officers involved can be considered in determining whether probable cause did in fact exist." *State v. Richards,* 110 Ariz. 290, 518 P.2d 113 (1974). Officer Carlson's knowledge of the outstanding warrant, coupled with his recollection of the suspect's description and appellant's evasive actions, provided the officer with probable cause to arrest appellant. *See State v. Everett,* 110 Ariz. 429, 520 P.2d 301 (1974). Although Officer Carlson was incorrect in his identification, the "mistake was understandable, and the arrest a reasonable response to the situation facing them at the time." *Hill v. California,* 401 U.S. 797, 91 S.Ct. 1106, 1111, 28 L.Ed.2d 484 (1971). We find that the arrest was valid under the circumstances.

We do not consider appellant's argument concerning lawful resistance to the arrest in view of our conclusion that the arrest was lawful.

The judgment and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.