543 P.2d 780

**STATE of Arizona, Appellee,**

v.

**Richard Harry KELLY, Appellant.**

**No. 3187.**

Supreme Court of Arizona, En Banc.

Dec. 23, 1975.

———◆———

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, and Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

This is an appeal from a conviction for second degree murder, and the sentence thereon of not less than 20 years nor more than life. We have jurisdiction pursuant to Ariz.Const. art. 2, § 24 and art. 6, § 5 and ARS § 12–120.21.

On November 14, 1974, the body of Lloyd Underwood was found in a station wagon parked on 17th Street, just north of University Drive, in the city of Phoenix, Arizona. On November 16, 1974, the police officer investigating the apparent homi-

cide received a call from the Scottsdale Police Department indicating that they had a person in custody, who was later identified as the appellant, Richard Harry Kelly, for carrying a concealed weapon. Appellant had been arrested November 15, 1974, at the Frontier Lanes Bowling Alley by the Scottsdale Police who responded to a report that there was a disturbance at the bar located in the bowling alley. Appellant was arrested after the police observed a weapon in his right front pants pocket. The weapon confiscated by the Scottsdale Police Department was tested by the Phoenix Police Department, which determined that it was the murder weapon. The evidence showed that defendant had cashed a paycheck of the victim and defendant's finger print was found on the victim's automobile.

Appellant presents two arguments on appeal:

1. Was the trial court in error by not granting appellant's motion to suppress?

2. Did the trial court properly instruct the jury with regard to the element of malice on a charge of murder?

Appellant first argues that the evidence seized as a result of the illegal detention by the Scottsdale Police should have been suppressed. The factual premise for this argument is the lack of criminal activity in the bar at the time of the arrival of the police. Since there was no basis for the detention of appellant, the police conduct amounted to mere harassment and was constitutionally prohibited.

■ This court has stated that a seizure "may be reasonable under circumstances which would not justify an arrest and that constitutional rights do not necessarily depend upon the technicality of when a formal arrest is made." *State v. Miranda,* 104 Ariz. 174, 450 P.2d 364 (1969). The police responded initially to a reported disturbance at the Frontier Lanes bar. Once they arrived at the bar, they were apprised

of the various details of the incident by an employee of the bar. They were told that the person who had caused the disturbance was wearing a Levi jacket and they thereafter observed appellant, wearing a Levi jacket, in the process of exiting from the bowling alley. At that point the police asked appellant for identification.

We find that this action on the part of the police amounted to a proper investigatory detention. In order for the detention to be constitutionally proper "the officer's action must be 'justified at its inception,' and said action must be 'reasonably related in scope to the circumstances which justified the interference in the first place.' " *State v. Turner,* 112 Ariz. 350, 541 P.2d 1152 (filed November 6, 1975); *Terry v. State of Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We hold that the initial detention of appellant, in order to request identification, was proper. There is no constitutional requirement that the criminal activity be in progress in order to justify an investigative detention.

■ Appellant next argues that the trial court improperly instructed the jury with regard to the element of malice in the context of a charge of murder. In essence, appellant argues that the trial court's instruction that malice may be found if appellant "shows a reckless disregard for human life" was equivalent to an instruction that gross negligence equals malice. In *State v. Thomas,* 112 Ariz. 261, 540 P.2d 1242–43 (1975), this court held:

"The phrase 'wanton disregard for human life' has been held to reflect the statutory standard. *State v. Mendell,* 111 Ariz. 51, 523 P.2d 79 (1974); *People v. Poddar,* 10 Cal.3d 750, 111 Cal.Rptr. 910, 518 P.2d 342 (1974). We find no significant difference between the use of 'wanton' and the use of 'reckless.' Neither instruction conveys the idea that grossly negligent behavior is sufficient to find the malice necessary for murder as the appellant argues. *State v. Mendell, supra.*"

We hold that the jury was properly instructed on the element of malice.

Judgment and sentence affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.