DeCARLO, Judge
(dissenting).
In the majority opinion, my brothers have concluded that the Covington County deputies did not have a valid arrest warrant, or probable cause to make a warrantless arrest. I respectfully disagree.
The general rule of law in this situation is that a warrant of arrest issued in one state cannot be executed outside the boundary of the issuing state. However, this rule has been qualified by holding that where an officer of the non-issuing state has knowledge of the warrant, probable cause exists for the arrest in that state. See: State v. Williams, 104 Ariz. 319, 452 P.2d 112; State v. Richards, 110 Ariz. 290, 518 P.2d 113.
In the instant case the Covington County deputies had “reasonably trustworthy” information which by itself was sufficient for a reasonable person to conclude that a crime had been committed and that the person to be seized had committed the crime. They were armed with a bench warrant issued by a Georgia Magistrate, which was supported by an indictment presented by the Clayton County grand jury in Georgia. This was not a situation where the officers received such information orally, but one where these documents were in their possession.
The Arizona Supreme Court reasoned in State v. Williams, supra, that: “Information is ‘reasonably trustworthy’ when it is received through official sources.”
Surely, the hard information possessed by these arresting officers was as good as that coming from an informer’s tip. Draper v. U. S., 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.
The State argued that the marijuana was in plain view and therefore permissible un *30 der one of the exceptions to warrant requirement.
Evidence is in “plain view” when there is a prior justification for the intrusion, and the police inadvertently discover incriminating evidence. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564.
I believe the trial court correctly concluded there was prior justification for the intrusion and was justified in sanctioning the search and seizure under 'the plain view doctrine.
The momentary intrusion into a person’s privacy for questioning can be justified on grounds which would not constitute probable cause to arrest. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889. In my judgment a distinction should be made in the probable cause necessary for an arrest and that involving a momentary intrusion for questioning purposes as was done here. This intrusion was justifiable on the specific facts that the officers possessed a Georgia warrant with its supporting indictment, a photograph of Patsy Quinlan, and a letter stating she may be found at her mother’s residence.
Armed with these facts, the deputies had justification for the momentary intrusion to inquire if the suspect was there.
In my judgment, Aidio, supra, is distinguishable from the facts outlined above. There they had a habeas corpus proceeding and the legal sufficiency of the supporting papers was being determined to justify Al-dio’s rendition. Here we have a question of whether the Georgia bench warrant and supporting indictment are sufficient justification for the officers being in a position to view the contraband seized.
In addition to the Georgia warrant and indictment, the officers witnessed the furtive movements regarding the purse and the marijuana. With the combination of these circumstances, the deputies had sufficient probable cause for the search and seizure.
As Justice Burton observed in his concurring opinion in Brinegar v. U. S., 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879:
“It is only by alertness to proper occasions for prompt inquiries and investigations that effective prevention of crime and enforcement of law is possible. Government agents are commissioned to represent the interests of the public in the enforcement of the law and this requires affirmative action not only when there is reasonable ground for an arrest or probable cause for a search but when there is reasonable ground for an investigation.”
In view of the foregoing, I dissent.