556 P.2d 1141

**STATE of Arizona, Appellee,**

v.

**Joseph Pedro GALLEGOS, Appellant.**

**No. I CA–CR 1728.**

Court of Appeals of Arizona,
Division 1,
Department C.

Nov. 23, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Diane M. DeBrosse, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Rudolph J. Gerber, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Judge.

The appellant was convicted of the crime of robbery, A.R.S. § 13–641, after waiving a jury trial and submitting the issue of guilt or innocence to the trial judge based on police reports, the preliminary hearing transcript and testimony offered by the appellant himself at the submission proceeding. He was sentenced to not less than five years nor more than five years and one day in the Arizona State Prison.

On appeal, the appellant raises two issues. Initially, the appellant urges this court to review the evidence and "ascertain whether in fact there are sufficient facts to justify a conviction." Apparently, the appellant seeks to have this court review *de novo* the issue of guilt or innocence on the charge of robbery. The state argues, correctly, that it is not the burden of the reviewing court to determine *de novo* the guilt or innocence of a defendant. The recent cases of *State v. Gaines,* 113 Ariz. 206, 549 P.2d 574 (1976); *State v. Turner,* 112 Ariz. 350, 541 P.2d 1152 (1975) are dispositive of this issue.

In *State v. Gaines,* the defendant had claimed that the evidence presented in the preliminary hearing transcript upon which his case was submitted was not sufficient to support the finding of guilt by the trial judge. The court stated:

"There is a suggestion that we weigh the evidence for ourselves and draw our own conclusions. We decline the invitation. It is well settled in this jurisdiction that in reviewing a challenge to sufficiency of evidence in a criminal case, it is not the function of the reviewing court to weigh the evidence and decide whether it would reach the same conclusion as the trier of fact. *State v. Barnett,* 112 Ariz. 210, 540 P.2d 682 (1975). Rather, the appellate court must view the evidence in the light most favorable to sustaining the conviction and resolve all reasonable inferences in favor of the State. *State v. Moore,* 111 Ariz. 496, 533 P.2d 663 (1975). Only in circumstances where there is a complete absence of probative facts to support a judgment, *State v. Godsoe,* 107 Ariz. 367, 489 P.2d 4 (1971), or where a judgment is clearly contrary to any substantial evidence, *United States v. Goodrich,* 493 F.2d 390 (9th Cir. 1974), is it proper to reverse

on the grounds of insufficient evidence." 549 P.2d at 575–76.

We have carefully reviewed the evidence presented to the trial judge below and find that there are probative facts to support the judgment of guilt.

■ Next, appellant argues that the sentence imposed was excessive. As noted above, the appellant was convicted of the crime of robbery. Under A.R.S. § 13–643(A), the minimum sentence the trial judge could have imposed, in the event he sentenced appellant to prison, was five years. We note that the appellant was given the absolute minimum under the statute. A sentence within the statutory limit will not be disturbed on review in the absence of a clear abuse of the court's discretion. *State v. Smith,* 111 Ariz. 149, 526 P.2d 392 (1974). We do not think the record below lends itself to even a *suggestion* of abuse of discretion, let alone a clear showing of abuse of discretion. The circumstances surrounding the robbery were set out in the presentence report and indicated that the robbery of a 15 year old girl occurred after the appellant assaulted a bartender. Furthermore, the evidence tended to show that the appellant used force on the victim, that he had several prior convictions involving assaultive crimes. Appellant places great reliance on the fact that his conduct only succeeded in obtaining ten dollars from the robbery victim. We think the focus of appellant's concern is misplaced. He used force and violence against the robbery victim and as such was properly charged by the state for the crime of robbery. In this regard, we find that the sentence imposed was not excessive.

The appellant contends, however, that the prosecutorial discretion inherent in arriving at the charging decision impacts upon the crime charged and, ultimately, upon conviction and the sentence imposed. From this premise he argues that such prosecutorial discretion in this case results in an excessive sentence being imposed. The Supreme Court of the United States in a quintet of cases decided July 2, 1976 considered this very issue, in particular, the decision in *Jurek v. Texas,* —— U.S. ——, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976) notes as follows:

"The petitioner first asserts that arbitrariness still pervades the entire criminal justice system of Texas—from the prosecutor's decision whether to charge a capital offense in the first place and then whether to engage in plea bargaining, through the jury's consideration of lesser included offenses, to the Governor's ultimate power to commute death sentences. This contention fundamentally misinterprets the *Furman* decision, and we reject it for the reasons set out in our opinion today in *Gregg v. Georgia, ante,* —— U.S. at ——, 96 S.Ct. at 2937, 49 L.Ed.2d at 859. —— U.S. at ——, 96 S.Ct. at 2957, 49 Ed.2d at 940."

In commenting upon the issue of such discretionary stages as the prosecutorial charging decision, and plea bargaining, the *Gregg* court noted the "existence of these discretionary stages is not determinative of the issues before us." —— U.S. at ——, 96 S.Ct. at 2937, 49 L.Ed.2d at 889. Following our review of this recent United States Supreme Court discussion of the issue, we also are unable to say that the prosecutorial discretion exercised herein resulted in imposition of an excessive sentence.

The judgment and sentence are affirmed.

FROEB, P. J., and HAIRE, C. J., Division 1, concur.