570 P.2d 1067

**STATE of Arizona, Appellee,**

v.

**Larry Lee GRIFFIN, Appellant.**

**No. 3865.**

Supreme Court of Arizona,
In Banc.

Sept. 30, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Chief Counsel, Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Joel M. Glynn, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Larry Lee Griffin was convicted of robbery in violation of A.R.S. §§ 13–641 and 13–643, and appeals. Judgment affirmed.

On February 11, 1976, Haywood Fields was robbed by two men. They forcibly held him, took money from his wallet and a rifle from his house before they left.

Appellant first urges that his arrest was illegal and, consequently, certain of the evidence should have been suppressed as fruit of the poisonous tree. He claims the arrest was illegal for two reasons: first, that there was no probable cause for the arrest, and, second, that the arrest was unlawful because he was taken into custody in his home without a warrant.

It is well settled that probable cause to effect an arrest exists where the arresting officer has reasonably trustworthy information of facts and circumstances which are sufficient to lead a reasonable

man to believe an offense is being or has been committed and that the person to be arrested is committing or did commit it. *State v. Richards,* 110 Ariz. 290, 518 P.2d 113 (1974). Appellant argues that the advanced age of the victim, well up into his 80's, and his contradictory stories about how the crime occurred cast reasonable doubts upon the reliability of his information and therefore the arresting officer did not have reasonably trustworthy information.

It is to be acknowledged that the victim's stories did vary, but, nonetheless, the basic information he gave to the police was not contradictory. Facts which did not vary were that two men, Larry Griffin and Ronald Calvin, robbed him, that he had been held down, that his money was taken from his wallet, and that his rifle was taken. His story varied only as to which person, Griffin or Calvin, did particular acts in the robbery. We think that the substance of Fields' story did not change and, therefore, conclude that the police had probable cause to make an arrest without a warrant.

Appellant also argues that the State failed to show probable cause to make an arrest because Fields was not present at the hearing on the motion to suppress. It is urged that consequently the defense was not afforded the opportunity to cross-examine him in order to discredit his reliability. However, the victim's absence from the hearing was not crucial, because probable cause is dependent upon the information which was available to the arresting officer. *State v. Richards, supra.*

Appellant asserts in this Court that his arrest was illegal because the arrest was in the privacy of his home without a warrant. This issue was not raised in the trial court.

Rule 16.1(c), Rules of Criminal Procedure, 17 A.R.S. provides:

"Effect of Failure to Make Motions in Timely Manner.

Any motion, defense, objection, or request not timely raised under Rule 16.1(b) shall be precluded, unless the basis therefor was not then known, by the exercise of reasonable diligence could not then have been known, and the party raises it promptly upon learning of it."

There is a legitimate State interest in the orderly presentation of suppression issues. *Henry v. Mississippi,* 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed.2d 408 (1965). And *see State v. Tacho,* 113 Ariz. 380, 555 P.2d 338 (1976). Suppression issues will be waived where not timely treated.

Appellant urges that the court below erred when it refused to grant a motion for continuance of the suppression hearing based on these facts. Fields had been subpoenaed by the State to appear at the hearing, but was too ill to attend. Appellant requested a continuance for the reason that he wanted to cross-examine Fields to establish the inconsistencies in his story to the arresting officer. He also now argues he wanted to establish that Fields did not tell the police what one of the officers testified he was told. The motion for continuance was denied because appellant's trial was to start in three days.

A motion for continuance is not a matter of right. It is within the sound discretion of the trial judge, whose decision will not be disturbed unless the denial thereof is shown to have prejudiced the defendant and it is not an abuse of discretion to deny a continuance where the testimony is sought for impeachment purposes only. *State v. Jackson,* 112 Ariz. 149, 539 P.2d 906 (1975).

Appellant further asserts that failing to grant a continuance and permitting the hearing to proceed in the absence of Fields effectively denied him his constitutional right to confront and cross-examine his accusers. He argues that the "varying versions" of Fields' story to the police cast severe doubts on his capacity to reliably supply "trustworthy information" to them; that by not having the opportunity through the cross-examination of Fields, the trial court "emasculated itself from analyzing the 'facts known to the police officer prior to making the arrest.'"

We do not think appellant's point with regard to his right to confront Fields is well taken. Fields was, of course, present and testified both on direct and cross-examination at the trial itself. At no time was the appellant precluded from asking any question of Fields which might have been asked at the suppression hearing, and the court did not preclude appellant from re-raising any issues or renewing any motions which normally would have been disposed of at the suppression hearing. Under these circumstances, we believe the appellant's constitutional right to confrontation was satisfied.

Appellant argues that the court erred in failing to determine at his request whether the victim was competent to testify. The reasons given by appellant for his motion to determine competency were that Fields was a very old man, that he had testified to three somewhat contradictory versions of the crime and at the preliminary hearing his answers indicated he was having trouble understanding some of the questions.

The test to determine whether a witness' mind is so unsound as to require that he be excluded as incompetent to testify is whether the witness' mental derangement or defect is such that he is deprived of the ability to perceive the event about which he is to testify or is deprived of the ability to recollect and communicate with reference thereto. *State v. Brown*, 102 Ariz. 87, 425 P.2d 112 (1967). A trial court has broad discretion in determining if reasonable grounds exist for a hearing to determine a witness' competency. If no reasonable grounds exist, the trial court's ruling will not be disturbed. *State v. Verdugo*, 112 Ariz. 288, 541 P.2d 388 (1975). We do not think the appellant presented reasonable grounds to invoke a hearing to determine the victim's competency to testify because it was not shown that Fields did not have the ability to recollect or communicate with reference to the offense.

Appellant finally argues that a comment made by the prosecuting attorney in the closing argument which referred to the hardship caused to Fields was improper and prejudicial. The comment was:

"You should all be outraged that a man like Mr. Fields should have to suffer something like this, not only to come to court, both the prelim and now a trial."

Emotional language is an acceptable weapon in closing argument. *State v. Gonzales*, 105 Ariz. 434, 466 P.2d 388 (1970). Though the hardship of the victim was not strictly relevant to appellant's guilt or innocence, we do not think it is wholly beyond the bounds of fair comment.

Judgment affirmed.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.