451 A.2d 734

**COMMONWEALTH of Pennsylvania**

v.

**Simon EVANS, Appellant.**

Superior Court of Pennsylvania.

Submitted June 24, 1981.

Filed Oct. 8, 1982.

Petition for Allowance of Appeal Denied Dec. 6, 1982.

452

Nino V. Tinari, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, CAVANAUGH and BECK, JJ.

BECK, Judge:

This appeal is from denial to appellant of relief under the Post Conviction Hearing Act ("PCHA").[1] Appellant claims he was denied his constitutional right to effective assistance of counsel. The Pennsylvania Supreme Court recently reasserted in *Commonwealth v. Schroth,* 495 Pa. 561, 564, 435 A.2d 148, 149 (1981) the standard of review where ineffective assistance of counsel is claimed:

1. Act of January 25, 1966, P.L. 1580, 19 P.S. 1180–1, *et seq.*

In considering appellant's claim of ineffective counsel, we are governed by *Com. ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), where we held that a court must independently review the record and examine counsel's stewardship in light of available alternatives. The inquiry ceases and counsel is deemed to have been effective once the court is able to conclude that counsel's actions had a reasonable basis designed to effectuate the client's interests. The test is not whether it appears on hindsight that another course of action would have been more reasonable. Further, counsel is not ineffective in failing to assert a baseless claim. *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977).

## BACKGROUND

On January 7, 1972, Hayes Fulton heard someone running downstairs in the house where he rented a room and observed a black man and black woman leave the house, enter a car, and drive away. He later described the car to police officers as a dark blue or black Pontiac and supplied them with the license number which he had committed to memory. Mack Baker was found to have been brutally murdered in that house.

The police checked the license number given them by Mr. Fulton and found it to be registered to a William Campbell with an address near the murder scene. In the early afternoon of January 7, the police questioned Mr. Campbell. He told them that his license plate had been taken by one James Robinson and placed on a dark colored Pontiac which Mr. Campbell had seen driven by both James Robinson and Simon Evans, appellant herein. He also stated that he believed appellant to be the owner of that vehicle.

The following morning, January 8, at 7:10 a.m., the police proceeded to appellant's residence. They observed a dark colored Buick bearing the above license plate parked on the same block. The police were admitted into appellant's building by his girlfriend who directed them to an upper room where they found appellant sleeping and arrested him. He

was given only partial *Miranda* warnings because he interrupted the officers attempting to state them by saying: "I know all that." After he was transported to police headquarters where he was given his full *Miranda* warnings, he volunteered an oral confession.[2]

While additional evidence against appellant was introduced at trial through the testimony of Maxine Ward who had pleaded guilty to murder of the second degree for this crime and was awaiting sentence, it is evident that the submission to the jury of appellant's recorded oral confession was a major contributing factor in the verdict.

The jury found appellant guilty of murder of the first degree.

## PCHA CLAIMS BY APPELLANT

In his petition, as amended by appointed counsel, and in this appeal, appellant claims four separate instances of trial counsel's failure to render effective assistance:

(1) Failure to preserve appellant's claim that the statements by appellant should have been suppressed as the fruits of an unlawful arrest;[3]

(2) Failure to submit a point for charge on voluntary manslaughter or to object to the charge by the trial judge that the jury refrain from considering voluntary manslaughter;

(3) Failure to seek to suppress evidence related to the car;

**2.** Appellant asserts that his confession should have been suppressed as involuntary because he was not given his full *Miranda* warnings. This claim was rejected, however, on direct appeal to the Pennsylvania Supreme Court. *Commonwealth v. Evans,* 460 Pa. 313, 315, 333 A.2d 743, 744 (1975). That issue then has been finally litigated and cannot be renewed under the PCHA petition. 19 P.S. § 1180–4(a)(3).

**3.** The Commonwealth argues that this claim has been waived because it was not raised in the petition filed under the PCHA. While this issue was not recited in the pro se petition originally filed by appellant, it was clearly raised in the amended petition and supporting brief filed by appointed counsel. We thus reject the Commonwealth's waiver argument.

(4) Failure to assert and preserve properly the issue of unwarranted limitation of cross-examination of Maxine Ward.

Trial counsel was appointed January 13, 1972, and on March 30, 1972 he filed a Motion to Suppress the alleged statements on the sole grounds that appellant had not been given proper *Miranda* warnings. On August 14, 1972, that Motion was denied. The court found that, although full *Miranda* warnings were not given at the time of appellant's arrest, they were given prior to taking any statement from appellant.

Trial counsel represented appellant on appeal. In that appeal, counsel attempted to raise the issue of whether the statements were involuntary as a matter of law because 1) they were the fruits of an unlawful arrest, and 2) they were not preceded by proper *Miranda* warnings. The Pennsylvania Supreme Court ruled that the former claim was waived by failure to raise it at the trial level and rejected the latter claim on its merits. *Commonwealth v. Evans,* 460 Pa. 313, 333 A.2d 743 (1975).[4]

We conclude that trial counsel failed to raise, argue, or preserve the issue of whether the statements should have been suppressed as the fruit of an unlawful arrest made without probable cause.

In evaluating the above omission in the context of an ineffective assistance claim, we must ask whether the claim foregone bore arguable merit. For it is clear that counsel is not ineffective for failing to raise baseless claims. *Commonwealth v. Hosack,* 485 Pa. 128, 401 A.2d 327 (1979); *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977). "And we will find a 'reasonable basis' for inaction if the thing not done had no likelihood of success." *Commonwealth v. Ford,* 491 Pa. 586, 594, 421 A.2d 1040, 1044 (1980).

Thus, we turn our attention to whether seeking to suppress the confession as the product of an unlawful arrest would have been a fruitless act or whether it bore a likeli-

4. *See* discussion in footnote 2, *supra.*

hood of success. In doing so, we must evaluate the substance of the foregone claim to see if it bore arguable merit. We reiterate, however, that appellant did not preserve the claim for appellate review. We will evaluate the foregone claim solely in the context of his ineffective assistance of counsel claim. *Commonwealth v. Webster,* 490 Pa. 322, 416 A.2d 491 (1980).

We thus turn to the claim that the police lacked probable cause to arrest appellant and that his subsequent confession therefore should have been suppressed as the fruit of that illegal arrest. In the instant case, the information upon which the police acted in proceeding to arrest appellant was the statement by an eyewitness that he had seen a black man and a black woman leaving the crime scene in a car which he described as a dark blue or black Pontiac bearing a license number that he memorized. The police traced that license number to William Campbell who told them that James Robinson put that license plate on a car which Mr. Campbell believed to be owned by appellant. The officers proceeded to appellant's apartment and observed on appellant's block a dark-colored Buick, which bore the previously described license plate. They arrested appellant inside his apartment.

This Court enunciated the standard for finding probable cause to arrest a suspect in *Commonwealth v. Jones,* 271 Pa.Super. 528, 532, 414 A.2d 379, 381 (1979):

Probable cause to arrest existed if, at the time appellant was detained by the police, the facts and circumstances known to them and of which they had reasonably trustworthy information, were sufficient to warrant a prudent man in believing that appellant had committed the shooting. *Commonwealth v. Powers,* 484 Pa. 198, 201, 398 A.2d 1013, 1014 (1979). The test is not one of certainties but one of probabilities dealing with considerations of everyday life. *Commonwealth v. Dickerson,* 468 Pa. 599, 605, 364 A.2d 677, 681 (1976). The facts known must be

viewed from the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest guided by his experience and training. *Commonwealth v. Tolbert,* 235 Pa.Super. 227, 230, 341 A.2d 198, 200 (1975).

It is well settled that "[t]here is a substantial basis for crediting the information of an eyewitness." *Commonwealth v. Irving,* 485 Pa. 596, 601, 403 A.2d 549, 551 (1979), *cert. denied,* 444 U.S. 1020, 100 S.Ct. 676, 62 L.Ed.2d 651 (1980). "[I]nformation provided by an eyewitness whose identity is known has also been deemed sufficient [to establish probable cause]." *Commonwealth v. Stokes,* 480 Pa. 38, 44, 389 A.2d 74, 77 (1978).

We conclude that the eyewitness testimony of Mr. Fulton coupled with the officers' further investigation supplied probable cause for appellant's arrest. Since we here determine that the arrest was not illegal, we need not evaluate whether the fruit of that arrest, the confession, was purged of its primary taint.

■ Appellant also argues that the failure of trial counsel to request a point for charge on voluntary manslaughter, or to challenge the instruction by the trial judge with regard to voluntary manslaughter, rendered the assistance of counsel ineffective. This argument is based upon the rulings in *United States ex rel. Matthews v. Johnson,* 503 F.2d 339 (3d Cir.1974), *cert. denied,* 420 U.S. 952, 95 S.Ct. 1336, 43 L.Ed.2d 430 (1975) and *Commonwealth v. Jones,* 457 Pa. 563, 319 A.2d 142 (1974), *cert. denied,* 419 U.S. 1000, 95 S.Ct. 316, 42 L.Ed.2d 274 (1974) that the defendant charged with murder has a right to a charge permitting a finding of voluntary manslaughter upon requesting such a charge. However, it has been held that the rule is not retroactive. *Commonwealth v. Joyner,* 475 Pa. 345, 380 A.2d 754 (1977). We note that appellant's trial predated the rule, and it is clear that at the time of appellant's trial, "where there [was] absolutely

no evidence of the elements of manslaughter it [was] not error for the trial judge to refuse to charge on this point or submit manslaughter as a possible verdict." *Commonwealth v. Kenney,* 449 Pa. 562, 568, 297 A.2d 794, 797 (1972) (footnote deleted). We agree with the Commonwealth's assertion that no evidence introduced at trial supported the conclusion that appellant was "acting under a sudden and intense passion resulting from serious provocation", 18 Pa.C.S.A. § 2503(a), or that "he believe[d] the circumstances to be such that, if they existed, would justify the killing . . . but his belief is unreasonable." 18 Pa.C.S.A. § 2503(b). We thus conclude that the omissions of trial counsel regarding a charge of voluntary manslaughter did not render his assistance ineffective as the act omitted did not have a likelihood of success.

■ Appellant additionally argues that trial counsel was ineffective for failing to move to suppress evidence arising from what is claimed to have been an illegal seizure and search of the car. No physical evidence resulting from the search, or even relating to the car, was introduced at trial. Counsel was not ineffective therefore in failing to move to suppress with regard to the car search. *See Commonwealth v. Biebighauser,* 450 Pa. 336, 300 A.2d 70 (1973).

■ Finally, appellant argues that the failure of trial counsel to preserve the issue of limitation of the cross-examination of Ms. Ward constituted ineffective representation. The context in which the claim is raised relates to the sustaining of objection to questions about the witness' background as a prostitute. The questions at issue sought to elicit repetition of matter already developed in the course of direct and cross-examination. A conscious decision on the part of trial counsel to confine post-trial motions and appeal to more substantial issues appears reasonable under the circumstances.

Order affirmed.