**Commonwealth v. Serrano.**

*Kevin McCloskey*, for plaintiff.
*Mark Merdinger*, for defendant.

312

STEINBERG, *J.*, December 3, 2012—The defendant, Angel Serrano, is charged with indecent assault,[1] indecent exposure,[2] and corruption of minors.[3] It is alleged that the defendant sexually assaulted his nine (9) year old neighbor, A.A., when he grabbed her buttocks, exposed his penis and masturbated in her presence.

On November 14, 2012, the defendant filed an omnibus pre-trial motion, including a "motion to suppress defendant's statements".[4] It is alleged that at the time of the defendant's arrest, Detective Thomas Galloway of the Bethlehem Police Department "possessed substantial evidence that A.A.'s statements were unreliable."[5] If so, the defendant contends that the detective lacked probable cause to arrest him, and any inculpatory statements made by him after the arrest must be suppressed. A hearing was held on this motion during which detective Galloway testified on behalf of the Commonwealth. The defense submitted two (2) DVD interviews of the victim that were conducted on October 17, 2011[6] and November 17, 2011.[7]

## Discussion

Prior to arresting an individual, the police must possess probable cause. *Commonwealth v. Hannon*, 837 A.2d 551, 554-555 (Pa.Super. 2003). It has frequently been

---

1. 18 Pa.C.S. §3126(a)(7).
2. 18 Pa.C.S. §3127(a).
3. 18 Pa.C.S. §6301(a)(1)(ii).
4. The motion also included a "motion for Competency Hearing and Psychiatric Evaluation of A.A." that was withdrawn and dismissed following the hearing.
5. "Motion to suppress defendant's statements", ¶ 14.
6. Defendant's Exhibit 1.
7. Defendant's Exhibit 2.

explained:

> Probable cause to arrest exists when the facts and circumstances within the police officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested. Probable cause justifying a warrantless arrest is determined by the 'totality of the circumstances.' Furthermore, probable cause does not involve certainties, but rather 'the factual and practical considerations of everyday life on which reasonable and prudent [persons] act.'

*Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa.Super. 2008)(internal citations omitted); see also *In Interest of O.A.*, 552 Pa. 666, 676, 717 A.2d 490, 495 (1998); *Commonwealth v. Johnson*, 467 Pa. 146, 153, 354 A.2d 886, 889 (1976); *Commonwealth v. Griffin*, 456 A.2d 171, 174 (Pa.Super. 1983).

In *Commonwealth v. Evans*, 451 A.2d 734, 737 (Pa. Super. 1982) in which the same probable cause standard was articulated, it was alleged that the police lacked probable cause to arrest the defendant, and that his subsequent confession should be suppressed as fruit of the illegal arrest. The court in concluding otherwise noted that it is well-settled that "[t]here is a substantial basis for crediting the information of an eyewitness." *Id.* at 737. See also *Commonwealth v. Walker*, 501 A.2d 1143, 1148 (Pa.Super. 1985). Furthermore, even though an arresting officer may not have direct, personal knowledge of the relevant facts and circumstances, probable cause may rest solely on information supplied by another person,

provided there is a substantial basis for crediting that information. *Commonwealth v. Stokes*, 480 Pa. 38, 44, 389 A.2d 74, 76-77 (1978)(The uncorroborated confession of an accomplice, the statement of a victim identifying the perpetrator of a crime, and an eyewitness whose identity is known, all fall within the category of information sufficient to establish probable cause); see also *Commonwealth v. Bells*, 540 A.2d 297 (Pa.Super. 1988)(Information provided by victim, who gave a detailed physical description of her attacker and the unusual knife he possessed, established probable cause to arrest); *Commonwealth v. George*, 878 A.2d 881, 884-885 (Pa.Super. 2005). It has also been held repeatedly throughout the federal courts that the testimony from an alleged victim is ordinarily sufficient to establish probable cause. *Acosta v. Ames Dept. Store, Inc.,* 386 F.3d 5, 10 (1st Cir. 2004); *Lee v. Sandberg,* 136 F.3d 94, 103 (2nd Cir. 1997); *Sharrar v. Felsing,* 128 F.3d 810, 818 (3d Cir. 1997); *United States v. Harness,* 453 F.3d 752, 754 (6th Cir. 2006); *Reynolds v. Jamison,* 488 F.3d 756, 765 (7th Cir. 2007); *Clay v. Conlee,* 815 F.2d 1164, 1168 (8th Cir. 1987); *Easton v. City of Boulder, Colo.,* 776 F.2d 1441 (10th Cir. 1985).

The defendant, however, relying upon language in *Wilson v. Russo,* 212 F.3d 781 (3d Cir. 2000), a civil rights lawsuit, which subscribed to the above tenets and found probable cause, contends that this child-victim's version of events to an experienced child abuse investigator should be discounted as unreliable. If so, the defendant posits that Detective Galloway lacked probable cause to arrest him and his admission to Detective Galloway of the very same acts told by the victim to the investigator should be suppressed.

The defendant would impose a heightened standard on law enforcement to establish probable cause. Every discrepancy or forgotten detail in a child victim's statement would be used as a springboard to negate a finding of probable cause. Cf. *Lallemand v. University of Rhode Island*, 9 F.3d 214, 217 (1st Cir. 1993)(Discrepancies concerning the assailant's first name, hair style, dormitory and height are trivial, given their nature and the positive identifications).

Law enforcement has never been required to make such wide reaching assessments at the initiation of an arrest. The arresting officer is "neither required nor allowed to sit as prosecutor, judge or jury. [His] function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." *Panetta v. Crowley*, 460 F.3d 388, 396 (2d Cir. 2006) quoting *Krause v. Bennett*, 887 F.2d 362, 372 (2d Cir. 1989); see also *Curley v. Village of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001)("[O]nce a police officer has a reasonable basis for believing there is probable cause, he is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."); *State v. Griffin*, 570 P.2d 1067, 1069 (1977)(Victim's advanced age and contradictory stories about how crime occurred did not result in finding that arresting officer lacked reasonable trustworthy information to establish probable cause where basic information was not contradictory).

The language in Wilson must be qualified by the surrounding circumstances. Of course, "independent exculpatory evidence or substantial evidence of the witness's own unreliability that is known by the arresting officers" could negate a probable cause determination. *Id.*

at 790. Examples cited in Wilson include DNA evidence that contradicts a credible victim identification or the description of the assailant as 7' tall and the suspect is only 5'. *Id.*

The allegations of sexual misconduct described by the child in this case were reasonably trustworthy and reliable. As a result, the police prosecutor had a substantial basis for crediting the child's account of the events in the defendant's home. She was nine (9) years old when forensic interviews were conducted with her at the Lehigh County Child Advocacy Center by a child abuse investigator. The child consistently recounted details of the defendant's misdeeds, including the location within the home where they were committed, the specific conduct committed by the defendant, and a description of the defendant's anatomy. The victim's description of the defendant's penis was confirmed by him. Additionally, the defendant and his wife both admitted that the child was upstairs in their home with the defendant.

Two (2) interviews with the child were conducted by Detective Theresa Rentko, an experienced child abuse investigator. One (1) was conducted on October 17, 2011, and the other on November 17, 2011. She described conduct perpetrated by the defendant and her stepfather, although she was unsure whether her stepfather's acts were real or dreams. However, her recollections of the defendant's acts were never subject to uncertainty. The defendant points to the child's failure to recall an earlier incident with the defendant when she was interviewed in November. In light of her age, her response is just as easily a product of misunderstanding or confusion rather than dishonesty. It is not the type of mistake that shakes the foundation of

probable cause.

Likewise, the child providing more detailed information to her mother should not come as a surprise. Detective Galloway explained that the child was "embarrassed" regarding her use of certain words, and she would certainly be more comfortable explaining details to her mother than a stranger. Even a stranger who is an experienced investigator.

During the hearing in this matter, Detective Galloway was able to articulate the investigation he conducted which led him to arrest the defendant. This is not a case where the defendant's version of events, or some other evidence, may have cast doubt on the child's accusations. *Commonwealth v. Thompson*, 604 Pa. 198, 212, 985 A.2d 928, 936 (2009)(A police officer's experience may be regarded as a relevant factor in determining probable cause to arrest). Based on all the facts and circumstances, probable cause was established to arrest the defendant.

For all the foregoing reasons, the motion to suppress must be denied.

## ORDER

And now, December 3, 2012, upon consideration of the defendant's "motion to suppress defendant's statements" and hearing held on November 14, 2012;

It is hereby ordered that said motion is denied.