NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JACOB PURDUE, *Appellant*.

No. 1 CA-CR 18-0804
FILED 11-21-2019

Appeal from the Superior Court in Maricopa County
No.  CR 2018-000894-001
The Honorable Julie A. LaFave, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

<hr>

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Lawrence F. Winthrop joined.

<hr>

**B R O W N**, Judge:

¶1        Jacob Purdue appeals his convictions and sentences for two drug-related charges.  He argues fundamental error occurred because the State failed to prove that he was given *Miranda* warnings before being questioned by a police officer.  Because Purdue did not file a motion to suppress, his argument is waived.  We therefore affirm.

## BACKGROUND

¶2        After placing Purdue under arrest for an outstanding warrant, Sergeant Kunda performed a search for illegal contraband or weapons.  Kunda found a hypodermic needle and a small vial containing a brownish liquid in Purdue's pocket.  When Detective Henderson asked Purdue if the substance was heroin, Purdue replied that it was heroin, and he was using it to self-medicate.  As relevant here, the State charged Purdue with one count of possession or use of narcotic drugs (heroin) and one count of possession of drug paraphernalia.  A jury found him guilty on both counts.  The trial court imposed concurrent prison sentences, and Purdue timely appealed.

## DISCUSSION

¶3        Under *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), a person in police custody must be warned that he has the right to remain silent, that any statement he makes may be used as evidence against him, and that he has the right to consult with an attorney before being questioned by police.  It is undisputed that Purdue was in custody when the detective asked him if the liquid in the vial was heroin.  *See State v. Maciel*, 240 Ariz. 46, 49, ¶ 11 (2016) (noting that a person is in custody when he is under formal arrest).  The record is silent, however, as to whether Purdue was read his *Miranda* rights before he was asked this question.

¶4        Purdue argues that admission of his statement in response to the detective's question constitutes fundamental error because his statement was made in response to an improper custodial interrogation.  He contends the heroin found in his pocket was not a "usable amount," and

without the admission of his statement at trial, the jury could have reached a different verdict.

**¶5**      Because Purdue failed to make these arguments in the trial court, we would normally review them for fundamental error. *See State v. Escalante*, 245 Ariz. 135, 140, ¶ 13 (2018). In this case, however, we must first address the State's contention that Purdue has waived any challenge he may have had concerning the admissibility of his statements to the police.

**¶6**      Under Arizona Rule of Criminal Procedure 16.1(b), all pretrial motions (other than lack of jurisdiction) must be filed no later than 20 days before trial. Nothing in the record indicates that Purdue made any attempt to bring the *Miranda* issue to the attention of the trial court even though the court asked Purdue and his counsel during a settlement conference whether there were "any issues with the arrest." Because Purdue failed to challenge the admissibility of his statements by filing a motion to suppress, he has waived the issue on appeal. *See State v. Tison*, 129 Ariz. 526, 535 (1981); *State v. Griffin*, 117 Ariz. 54, 56 (1977); *see also U.S. v. Hamilton*, 587 F.3d 1199, 1213, 1215 (10th Cir. 2009) (holding that when the defendant asserted a *Miranda* rights violation for the first time on appeal, the issue had been waived).

**¶7**      In *Tison*, the defendant asserted several grounds on appeal for excluding his incriminating statements, including an argument that the statements were obtained in violation of *Miranda*. 129 Ariz. at 535. Our supreme court declined to address his argument, however, because he failed to raise it at the suppression hearing, where the only issue presented was voluntariness. *Id.* The court explained that issues concerning suppression of evidence that are not raised in the trial court are waived on appeal. *Id.* The court then stated that "[t]he preclusion of issues applies to constitutional objections as well as statutory objections because an adherence to procedural rules serves a legitimate state interest in the timely and efficient presentation of issues." 129 Ariz. at 535. This analysis in *Tison* is consistent with other cases addressing the need to timely assert suppression issues. *See e.g., State v. Bush*, 244 Ariz. 575, 588–89, ¶ 54 (2018) (holding that where the defendant did not file a motion to suppress "his statements to law enforcement, request a voluntariness hearing, or object to [the police officer's] trial testimony, the trial court was not required to hold a voluntariness hearing."); *State v. Snee*, 244 Ariz. 37, 38–39, ¶¶ 6–10 (App. 2018) (holding that courts are not statutorily required to *sua sponte* conduct a voluntariness hearing when the defendant fails to raise the issue).

**¶8**      Our supreme court has also explained that "[t]here is a legitimate State interest in the orderly presentation of suppression issues."

*Griffin*, 117 Ariz. at 56.  Indeed, Purdue's failure to raise the issue in the trial court "has left us without the benefit of any factual findings." *U.S. v. Cormier*, 220 F.3d 1103, 1113 (9th Cir. 2000).  If we were to attempt to review this issue for fundamental error, we would have no evidentiary basis upon which to do so.  And it would deprive the State of the opportunity to present evidence on a suppression matter the defendant seeks to challenge for the first time on appeal.  Purdue essentially asks us to presume that the officer did not provide *Miranda* warnings without producing any factual findings in support of his argument, which we will not do.  The proper method of challenging lack of compliance with *Miranda* is the filing of a timely motion to suppress, which then shifts the burden to the State to prove to the trier of fact that police did provide the required warnings.  If a defendant fails to challenge the admissibility of his statements to police in the trial court, he cannot complain on appeal that police failed to advise him of his *Miranda* rights.

## CONCLUSION

¶9        Because Purdue did not challenge the admissibility of his incriminating statements to police in the trial court proceedings, we affirm his convictions and sentences.



AMY M. WOOD • Clerk of the Court
FILED:  AA

4