577 P.2d 314 (1978)
The PEOPLE of the State of Colorado, Plaintiff-Appellee,
v.
Michael Vernon ROBERTSON, Defendant-Appellant.
No. 76-612.
Colorado Court of Appeals, Division I.
February 16, 1978.
Rehearing Denied March 2, 1978.
Certiorari Denied April 17, 1978.
*315 J. D. MacFarlane, Atty. Gen., Jean E. Dubofsky, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Felipe V. Ponce, Asst. Atty. Gen., Denver, for plaintiff-appellee.
J. Stephen Price, Colorado Springs, for defendant-appellant.
SILVERSTEIN, Chief Judge.
Convicted by a jury of felony theft, defendant, Michael V. Robertson, appeals. We reverse.
Robertson contends that the trial court erred in admitting into evidence statements made following his arrest. We agree.
The facts pertinent to this issue are, as follows: In May 1975, a rifle was stolen from a residence in Fountain, Colorado. In December of that year the Fountain police got a lead that Robertson was the perpetrator of the crime. Two officers of the Fountain police department went to Robertson's home in Colorado Springs and arrested him, without having first obtained a warrant. Robertson was taken to the Colorado Springs police station and given the Miranda warning. He voluntarily made a statement to the police which was largely exculpatory. Thereafter he was photographed and fingerprinted, and was taken to the Fountain jail. While enroute he told the officers that they "didn't know what they were doing," that he knew who had committed the crime, and that he would not tell who the participants were. All of these acts occurred within two hours after the arrest.
At the trial defendant moved to suppress the statements on the ground that they were made following an unlawful arrest. The district attorney challenged the motion on the ground that it was not timely under Crim.P. 12(b)(2) and (3). An in camera hearing was held, after which the court found that the arrest was unlawful, that the Miranda warning was duly given, and that the statements were made voluntarily. The court then denied the motion on the grounds that the motion was not timely made, and that the statements "were not the fruit or result of the illegal arrest." We hold that the trial court erred on both grounds.

I
In ruling that the motion was not timely, the trial court relied on Massey v. People, 179 Colo. 167, 498 P.2d 953 (1972). However that case is not applicable here. Crim.P. 12(b)(2) and (3) provide, inter alia, that defenses and objections based on defects in the institution of the prosecution or in the indictment or information must be made by motion before the plea is entered, or with permission of the court, within a reasonable time thereafter.
In Massey, supra, the defendant, asserting his arrest was unlawful, moved, at trial, to dismiss the charges against him. The court held that, by his failure to comply *316 with the above rule, defendant had waived his right to challenge the jurisdiction of the court on the ground asserted. Here, however, defendant did not challenge the court's jurisdiction or the information. He merely sought to suppress evidence. A motion to suppress is not a "defense or objection" based on defects listed in Crim.P. 12(b)(2), see Adargo v. People, 173 Colo. 323, 478 P.2d 308 (1970), but rather is governed by Crim.P. 41(g).
Under Crim.P. 41(g) a motion to suppress a statement must be made and heard before trial "unless opportunity therefor did not exist or defendant was not aware of the grounds for the motion, but the court, in its discretion, may entertain the motion at the trial." Here the court exercised its discretion, and conducted a hearing on the motion. This was proper. See Hervey v. People, 178 Colo. 38, 495 P.2d 204 (1972). When the court determined to entertain the motion and conduct a hearing thereon, the issue of the timeliness of the motion became moot, and could no longer be a proper ground for denial thereof.

II
The trial court's finding that the statements were voluntary is supported by the record. But it is also clear that under the law then in effect, there being no exigent circumstances, the failure of the police to obtain a warrant rendered the arrest unlawful. Section 16-3-102(1)(c), C.R.S.1973;[1]People v. Hoinville, Colo., 553 P.2d 777 (1976).
The general rule is that statements made as a result of an unlawful arrest must be suppressed. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1962); People v. Moreno, 176 Colo. 488, 491 P.2d 575 (1971).
In order to take the statements out from under this rule, the People have the burden to show that the causal chain between the illegal arrest and statements has been broken sufficiently to establish that the statements were in fact acts of free will. Brown v. Illinois, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); People v. Corbett, Colo., 547 P.2d 1264 (1976). The giving of the Miranda warnings does not alone purge the taint of illegality, but is only one of the factors to be considered by the court. Brown, supra; Corbett, supra. Among other factors to be considered, on a case by case basis, are the lapse of time, the intervening events, and the flagrancy of the official misconduct. Corbett, supra.
The facts in this case are remarkably similar to those in Brown, supra, where the statements were made within two hours after the unlawful arrest, after the Miranda warnings were given, and were deemed to have been voluntarily made. In that case the statements were held to be inadmissible. "The record does not show the presence of any significant intervening events between [defendant's arrest] and these subsequent statements to allow him pause to appraise his situation." Corbett, supra. So here, the record discloses that from the time of his arrest until after both statements were made, defendant was in the presence of at least one officer.
Under these circumstances, the taint of the unlawful arrest was not dissipated, and the statements should have been suppressed. The fact that the statements were in part exculpatory does not alter the rule. People v. Moreno, supra.
Defendant also contends that the court erred in refusing to grant a mistrial on the ground that evidence of uncharged misconduct by defendant was admitted. The evidence referring to "other transactions" should not be admitted on retrial. Stull v. People, 140 Colo. 278, 344 P.2d 455.
We do not consider defendant's other grounds of error, since they are not apt to occur on retrial.
The judgment appealed from is reversed and the cause is remanded for a new trial on the charge of felony theft.
COYTE and BERMAN, JJ., concur.
NOTES
[1] Amended, effective May 20, 1977, deleting the provision that "an arrest warrant should be obtained when practicable." Colo.Sess. Laws 1977, ch. 210, 16-3-102(1)(c) at 850.