Billy J. BIDWELL, Appellant,

v.

STATE of Alaska, Appellee.

No. 6290.

Court of Appeals of Alaska.

Jan. 14, 1983.

A. Lee Petersen, A. Lee Petersen, Inc., Anchorage, for appellant.

Charles M. Merriner, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Billy J. Bidwell, was convicted of kidnapping Richard Washburn, intending to put Richard and Mary Washburn, Richard's mother, in apprehension that Richard would be subject to serious physical injury. AS 11.41.300(a)(1)(C). Bidwell was also convicted of assaulting Richard in the third degree, AS 11.41.220(a), (placing Richard in fear of imminent serious physical injury by means of a dangerous instrument, *i.e.*, a shotgun) and in the fourth degree, AS 11.-41.230(a)(1), (causing physical injury to Richard by striking him in the left eye). Finally, Bidwell was convicted of various weapons offenses, *i.e.*, possession of a short-barrel shotgun and concealing the shotgun and a .22-caliber revolver on his person. He appeals contending that the trial court erred in instructing the jury regarding "intent" (the *mens rea* required for kidnapping); in permitting the jury to hear evidence of Bidwell's prior criminal activity with Richard to show a motive for his kidnapping Richard; and in denying alternatively his motions for judgment of acquittal and for a new trial as to some of the charges. We have reviewed the record and have considered Bidwell's arguments and find no error. We affirm the judgment of the trial court.

Bidwell sold heroin for a living. One of his customers was Richard H. Washburn, a professional pharmacist, residing and working in the Matanuska Valley. To help pay for his drug purchases, Washburn assisted Bidwell in obtaining prescription drugs using a forged prescription. Washburn was concerned that the police had discovered his activities and phoned Bidwell communicating this concern. Bidwell became alarmed that Washburn would "snitch" on him and visited Washburn's home. Bidwell was accompanied by Jeanne Grasser. When Bidwell and Grasser arrived at the Washburn residence, they were met by Mary Washburn, Richard's sixty-one-year-old mother. Grasser demanded to see Richard. Mary became alarmed at Grasser's appearance and her irrational actions and ordered Grasser off the premises. Richard came out of the house and engaged in a struggle with Grasser over a .22-caliber revolver. Bidwell, armed with a shotgun, ordered Richard to return the handgun to Grasser which he did. Grasser then fired shots at Mary, which passed over her head and struck the dirt near Mary's feet. Bidwell and Grasser ordered Richard at gunpoint into their pick-

up truck. For the next hour and a half, Bidwell and Grasser drove Richard around the countryside repeatedly threatening to kill him. At one point they considered phoning Mary and demanding that she pay them $6,000, which Bidwell contended Richard owed him, or they would kill Richard. They stopped their vehicle at a business establishment to use the public phone for this purpose but Grasser was discouraged by the presence of other people in close proximity to the phone. In the meantime, Mary called the police and Bidwell and Grasser were eventually arrested with Richard still in their truck.

Bidwell has not argued a coherent theory regarding appropriate jury instructions. Construing his opening brief, reply brief, and oral argument most favorably to him, he seems to be arguing that the word intent, unless modified by the adjective "specific," is ambiguous in the sense that it can mean either (1) engaging in conduct with the knowledge that a result will follow or (2) engaging in conduct with the desire that a result will follow. He contends that the common law called the second intent "specific" and notes for the first time in oral argument that the Revised Criminal Code limits the use of the word "intentionally" to the second meaning, and uses the word "knowingly" to describe the first meaning. He concludes that the trial court was under a duty to *sua sponte* instruct the jury on the statutory definition or alterna-

tively give an instruction utilizing the phrase "specific intent." Bidwell did not object to the instructions on intent during his trial. *See* Alaska R.Crim.P. 30 (no party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections). Thus, if Bidwell is to prevail, he must establish that the omission to give further instructions regarding intent amounts to plain error. Alaska R.Crim.P. 47(b). Failure to give an instruction is plain error if reasonable judges could not differ in concluding that the instruction was necessary to adequately inform the jury of the offense, or defenses to the offense clearly established in the evidence, and the failure to give the instruction substantially prejudices the defendant. *Marrone v. State*, 653 P.2d 672, (Alaska App., 1982). We have examined the specific intent instruction discussed by Bidwell, California Criminal Jury Instruction 3.31 [1] and find it sufficiently similar to the instruction actually given that no plain error can be found.

The trial court instructed the jury on various theories of kidnapping. In each case he told the jury that it would have to find that Bidwell intended to accomplish some result by restraining Richard before Bidwell could be convicted of kidnapping him. Illustrative is Instruction No. 21 [2]

1. CALJIC No. 3.31 provides:

In [each of] the crime[s] charged in [Count[s]—, —, and—of] the information, [namely,]—, —and—, there must exist a union or joint operation of act or conduct and a certain specific intent in the mind of the perpetrator and unless such specific intent exists the crime to which it relates is not committed.

[The specific intent required is included in the definition[s] of the crime[s] charged.]

[The crime of—requires the specific intent to—.]

[And the crime of—requires the specific intent to—.]

California Jury Instructions, Criminal (4th ed.) (1980 pocket part).

2. Instruction No. 21 provides:

A person commits the crime of kidnapping if he restrains another person with intent to inflict physical injury upon him or place him or a third person in apprehension that any person will be subject to serious physical injury.

In order to establish the crime of kidnapping, it is necessary for the state to prove beyond a reasonable doubt the following:

First, that the event in question occurred at or near Palmer, Alaska and on or about December 24, 1980;

Second, that Billy J. Bidwell restrained another person;

Third, that such restraint was with intent to place Richard Washburn in apprehension that Mr. Richard Washburn will be subject to serious physical injury.

If you find from your consideration of all the evidence that each of these propositions has

which requires that Bidwell restrain Richard with the intent to place Richard in apprehension that he would be subject to serious physical injury before Bidwell could be convicted of that offense.

The instructions given in this case were recommended by the Committee on Pattern Jury Instructions established by the Alaska Supreme Court. The committee did not recommend giving additional instructions on intent. While an instruction in the language of AS 11.81.900(a)(1) (a person acts "intentionally" with respect to a result described by a provision of law defining an offense when his conscious purpose is to cause that result) would have been appropriate and, on request, should have been given, we do not consider failure to give it *sua sponte* plain error.

■ Bidwell also argues that the court committed plain error in failing to give an instruction which told the jury that a subjective belief that the victim consented to the restraint, was a defense to kidnapping. *Cf. State v. Guest,* 583 P.2d 836 (Alaska 1978) (a reasonable belief that the victim is over the age of consent is a defense to statutory rape) and *see People v. Stewart,* 16 Cal.3d 133, 127 Cal.Rptr. 117, 544 P.2d 1317, 1320 (1976) (trial court is under a duty to instruct the jury *sua sponte* on any defense theory with support in the evidence) and *People v. Mayberry,* 15 Cal.3d 143, 125 Cal.Rptr. 745, 542 P.2d 1337 (1975) (reasonable good-faith belief, even if mistaken, that the victim consented to accompany the defendant and engage in sexual intercourse with him, is a defense respectively to kidnapping and forcible rape).

Neither Bidwell nor Grasser testified. Prior statements of Bidwell's were admitted into evidence as part of the prosecution's case-in-chief under the admissions exception to the hearsay rule. Bidwell indicated in his statements that Richard voluntarily accompanied him, without any duress, to discuss their mutual business interests. Assuming that Bidwell's out-of-court statements can be used by him at trial for the truth of the matter contained without violating the hearsay rule, a question we do not decide, we do not believe the record created an obligation to *sua sponte* instruct on a reasonable belief regarding consent as a defense to kidnapping. The necessity for such an instruction is not settled in Alaska to the point that failure to give the instruction could be deemed plain error. We are satisfied that the instructions actually given adequately informed the jury that Richard had to be restrained against his will. We are also satisfied that the instructions given adequately informed the jury that Bidwell must have intended to restrain Richard against Richard's will before he could be convicted. Under these circumstances, we find no plain error.

■ Bidwell challenges Instruction No. 13 [3] which informed the jury that it could infer an actor's intent from his words and conduct, and further informed the jury that it might infer that an actor intends the natural and probable consequences of acts he knowingly does or knowingly omits. Bidwell did not object to this instruction.

been proved beyond a reasonable doubt, then you shall find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you shall find the defendant not guilty.

3. Instruction No. 13 provides:

Intent may be proved by circumstantial evidence. It rarely can be established by any other means. While witnesses may see and hear and thus be able to give direct evidence of what a defendant does or fails to do, there can be no eye-witness to the state of mind with which the acts were done or omitted.

But what a defendant does or fails to do may indicate intent or lack of intent.

It is reasonable to infer that a person ordinarily intends the natural and probable consequences of acts he knowingly does or knowingly omits. Any such reasonable inference is entitled to be considered by the jury in determining whether or not the prosecution has proved beyond a reasonable doubt that the defendant possessed the required intent.

In determining issues of intent, the jury is entitled to consider any statements made or acts done or omitted by the accused, and all facts and circumstances in evidence which may aid determination of state of mind.

In his motion for a new trial, he contended that the instruction erroneously shifted the burden of proof to him on the issue of intent. We disagree. The instruction did not shift the burden of proof. *Marrone v. State,* 653 P.2d 672 (Alaska App., 1982). On appeal Bidwell contends for the first time that the instruction is misleading and not supported by the evidence. This instruction did not constitute plain error. *Id.*

██ Bidwell next argues that the trial court erred in permitting the state to introduce evidence that Richard had assisted him in forging a prescription and that Grasser had previously assaulted a pharmacist in Anchorage in attempting to pass the forged prescription. We are satisfied that this evidence is admissible to show Bidwell's motive for the kidnapping. Alaska R.Evid. 403, 404. In *Gould v. State,* 579 P.2d 535, 539 (Alaska 1978), the court held that evidence of a substantial drug dependency should not have been introduced to show a motive to commit theft in general. Such evidence would be admissible, the court reasoned, only to show motive to commit a specific crime. Here the evidence went to show a motive to commit a specific crime,

the kidnapping of Richard. The court did not err in admitting the evidence.

██ Bidwell argues that he was entitled to a judgment of acquittal or at the very least a new trial because his conviction was not supported by credible evidence. We have examined the record and are satisfied that each of the verdicts against Bidwell was supported by evidence from which a reasonable jury could find guilt beyond reasonable doubt. *See Elson v. State,* 633 P.2d 292, 298 (Alaska App.1981). We are also satisfied that the trial court did not abuse its discretion in denying the motion for new a trial on the basis that the verdicts were not supported by the evidence. *Amidon v. State,* 565 P.2d 1248, 1262 (Alaska 1977).

The judgment of the superior court is AFFIRMED.