v.

**STATE of Alaska, Appellee.**

**No. 6806.**

Court of Appeals of Alaska.

May 11, 1984.

---

1. We use J.E.C.'s initials to protect his victim's privacy.

Daniel T. Saluri, Fairbanks, for appellant.

Peter A. Michalski, Asst. Atty. Gen., and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

J.E.C. was convicted of sexual abuse of a minor, former AS 11.41.440(a)(2). He appeals, contending that the trial court erred in failing to instruct the jury that he had to have a specific intent to arouse or gratify his or the child's sexual desires in order to be convicted of violating AS 11.41.440(a)(2). Alternatively, if no specific intent is required, J.E.C. contends that the statute (1) is unconstitutionally vague, thereby denying his right to procedural due process under article 1, section 7, of the Alaska Constitution and the Fourteenth Amendment of the United States Constitution, (2) deprives him of his right to privacy under article 1, section 22, of the Alaska Constitution, and (3) infringes upon his inherent parental rights in violation of article 1, section 1, of the Alaska Constitution. We affirm.

AS 11.41.440(a)(2) provides: "A person commits the crime of sexual abuse of a minor if, being 16 years of age or older, he engages in sexual contact with a person who is under 13 years of age." AS 11.81.-900(b)(51) defines "sexual contact" as follows:

> (A) the intentional touching, directly or through clothing, by the defendant of the victim's genitals, anus, or female breast; or

> (B) the defendant's intentionally causing the victim to touch, directly or through clothing, the defendant's or victim's genitals, anus, or female breast.

AS 11.41.440(a)(2), supplemented by the definitions contained in AS 11.81.900(b)(51), supersedes former AS 11.15.134(a) which provided:

> *Lewd or lascivious acts toward children.* (a) A person who commits a lewd or lascivious act, including an act constituting another crime, upon or with the body of a child under 16 years of age, intending to arouse, appeal to, or gratify his lust, passions, or sexual desires, or the lust, passions, or sexual desires of the child is punishable by imprisonment for not more than 10 years nor less than one year.

R.C. is the natural daughter of J.E.C. The incidents in question took place between January 1, 1980, and April 4, 1981, when R.C. was five and six years of age. R.C. testified that J.E.C. rubbed between her legs when she was dressed and undressed, that he required her to rub him between his legs, that he rubbed her with his penis, and that these incidents occurred on more than ten occasions. R.C. testified that she first reported these activities while she was in the foster home of Susan Bonjour, residing with another foster child, fifteen-year-old Y. R.C. said that she broached the topic of her molestation to Y., who was also the victim of child molestation.

The state also called Susan Bonjour, who testified that she overheard R.C. tell anoth-

er girl, apparently Y., about "specific problems" R.C. had had at home. Bonjour also testified that she was contacted by Jeff Cain, a representative of Family and Youth Services, the following day. Cain told her that he had independently heard of R.C.'s complaints. Bonjour was present when Cain interviewed R.C. Using anatomically-correct dolls, *i.e.*, dolls possessing simulated male and female sexual organs, R.C. acted out her claims against her father in the presence of Bonjour and Cain.[2]

J.E.C. did not testify. His theory of the case as presented by his attorney was that

2. J.E.C. does not question this evidence on hearsay grounds or attack the procedure on appeal. He does not challenge R.C.'s competency to testify or suggest that these procedures altered her memory to his detriment. *See* E. Loftus, *Eyewitness Testimony* (1979); *State v. Contreras,* 674 P.2d 792, 799–802 (Alaska App.1983). We therefore do not decide these issues.

3. The relevant instructions provided:

*Instruction 2*

The Indictment in this case charges that on or about the 1st day of January 1980 through the 4th day of April 1981, at or near Fairbanks, in the Fourth Judicial District, State of Alaska, [J.E.C.], being 19 years of age or older, did unlawfully and knowingly engage in sexual contact with [R.C.], a person under 13 years of age.

To this charge the defendant has entered a plea of "not guilty," which plea places upon the State the burden of proving beyond a reasonable doubt every material allegation contained in the Indictment, as well as the essential elements of the crime of sexual abuse of a minor.

*Instruction 4*

A person commits the crime of sexual abuse of a minor if, being 16 years of age or older, he engages in sexual contact with a person who is under 13 years of age.

In order to establish the crime of sexual abuse of a minor, it is necessary for the state to prove beyond a reasonable doubt the following:

First, that the event in question occurred at or near Fairbanks, in the Fourth Judicial District, State of Alaska, and on or about the 1st day of January, 1980 through the 4th day of April, 1981;

Second, that [J.E.C.] was 16 years of age or older; and

Third, that the defendant knowingly engaged in sexual contact with [R.C.], who is under 13 years of age.

none of the incidents occurred. By implication, he suggested that R.C. had fantasized the incidents as a result of her discussions with Y. in the Bonjour foster home.

In final argument, defense counsel intimated that the jury might infer from the instructions that innocent conduct could result in a conviction, but cautioned the jury that this would be an incorrect interpretation of the instructions.[3] In rebuttal argument, the state's attorney agreed with defendant's interpretation of the instructions. He said:

The instructions, which you should read carefully, which define the elements of

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you shall find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any of these propositions has not been proved beyond a reasonable doubt, then you shall find the defendant not guilty.

*Instruction 5*

As used in these instructions:

"Sexual contact" means the intentional touching, directly or through clothing, by the defendant of the victim's genitals, anus, or female breast *or* the defendant's intentionally causing the victim to touch, directly or through clothing, the defendant's or victim's genitals, anus, or female breast.

"Unlawfully" means wrongfully or contrary to law.

"On or about" means within close proximity to the month or months alleged. In order to find the defendant guilty of the crime alleged, it is not necessary to find that the alleged act or acts occurred on the exact month or months alleged.

A person acts "knowingly" with respect to conduct or to a circumstance described by a provision of law defining an offense when he is aware that his conduct is of that nature or that the circumstance exists; when knowledge of the existence of a particular fact is an element of an offense, that knowledge is established if a person is aware of a substantial probability of its existence, unless he actually believes it does not exist. A person who is unaware of conduct or a circumstance of which he would have been aware had he not been intoxicated acts knowingly with respect to that conduct or circumstance.

*Instruction 6*

In the crime charged, there must exist a joint operation of an act or conduct and a culpable mental state. To constitute a culpable mental state, it is not necessary that there exist an intent to violate the law.

this offense that you must find before you can return a conviction in this case, do not cover the kind of contact that is innocent in nature. I mean it's just not there. The instructions tell you that what is charged here is knowing sexual contact. Knowing means that [J.E.C.] knew that it was sexual in nature. He's not being charged for perhaps rubbing his daughter while drying her after a bath, for spanking her on the posterior or for even patting her on the posterior, normal things that a parent might do without any desire, any sexual motive at all, with his or her own child. The instruction says knowing, and there's a definition of that in there. And it requires that the defendant know that he's engaging in sexual contact. Sexual contact, to arouse his passions or satisfy his sexual passions or that of the child. And that's what the instruction says. People are not charged—there is no crime for diapering your child, for wiping him or her off after a bath or otherwise, or for any of the normal kinds of contact that go on between parents and children.

## DISCUSSION

██ We currently have a number of cases pending in which challenges to the constitutionality of AS 11.41.440(a)(2) are presented. The parties in those cases ask us to construe the statute and determine whether it requires specific intent or only general criminal intent. We have concluded that sexual abuse of a minor is a specific intent crime. *Flink v. State*, —— P.2d ——, Op. No. 370 (Alaska App., May 11, 1984). Thus, the trial court erred in refusing to give J.E.C.'s proposed instruction.

We are satisfied, however, that this error was harmless beyond reasonable doubt. *Connecticut v. Johnson*, —— U.S. ——, 103 S.Ct. 969, 74 L.Ed.2d 823 (1983). We conclude that J.E.C.'s jury necessarily conclud-

ed that he acted with knowledge that his acts would lead to his sexual gratification. The jury was told that J.E.C. had to knowingly engage in sexual contact with R.C.; the jury was additionally told that the term "knowingly" means:

A person acts "knowingly" with respect to conduct or to a circumstance described by a provision of law defining an offense when he is aware that his conduct is of that nature or that the circumstance exists; when knowledge of the existence of a particular fact is an element of an offense, that knowledge is established if a person is aware of a substantial probability of its existence, unless he actually believes it does not exist. A person who is unaware of conduct or a circumstance of which he would have been aware had he not been intoxicated acts knowingly with respect to that conduct or circumstance.

This instruction is based upon the revised code's definition of "knowingly." AS 11.81.900(a)(2). While the instruction did not specifically indicate that J.E.C. had to act intentionally to seek sexual arousal or gratification, the prosecutor conceded in final argument that J.E.C. could only be convicted if his actions were intended to arouse or satisfy his sexual passions or those of the child.[4] R.C.'s testimony, that J.E.C. rubbed her with his penis, would certainly support an inference that J.E.C. knowingly engaged in the required conduct with the intent to obtain sexual gratification. Under these circumstances, we find no prejudicial error in the instructions given. *See Neitzel v. State*, 655 P.2d 325, 338 (Alaska App.1982). *Cf. Reynolds v. State*, 664 P.2d 621, 627–28 (Alaska App.1983).

The judgment of the superior court is AFFIRMED.

BRYNER, Chief Judge, concurring.

For the reasons stated in my separate opinion in *Flink v. State*, —— P.2d ——,

---

**4.** Given the instructions, and the parties' arguments to the jury regarding those instructions, we are satisfied that the jury must have concluded that J.E.C. knowingly engaged in conduct knowing that it would lead to sexual arousal. This was the equivalent of a general intent in-

struction at common law. *See Bidwell v. State*, 656 P.2d 592, 594 (Alaska App.1983). However, given the absence of any evidence of diminished capacity in this case, we find any error in failing to distinguish between general and specific intent harmless beyond reasonable doubt.

Op. No. 370 (Alaska App., May 11, 1984), I would construe the offense of sexual abuse of a minor to require proof of recklessness, and not specific intent, as the applicable culpable mental state. Since, in this case, the trial court failed to give an appropriate criminal intent instruction, I think it committed error.

In arguing this case to the jury, however, both the prosecution and the defense construed the court's instructions to require a jury finding that the defendant knew his contact with the victim was of a sexual nature and thus was not justified. The instructions given by the court were not inconsistent with this interpretation. In fact, the jury was instructed, in general terms, that it was required to find that the defendant acted with criminal intent before it could convict him.

The culpable nature of the sexual contact alleged in this case was unambiguous, and, if the jury determined that the contact occurred, there was little danger of error with respect to the issue of intent. The only factual issue apparently contested at trial was whether the alleged sexual contact occurred at all.

Considering the totality of these circumstances, I would hold that the trial court's failure to give a specific instruction on criminal intent amounted to harmless error. *See Neitzel v. State,* 655 P.2d 325, 338 (Alaska App.1982); *Reynolds v. State,* 664 P.2d 621, 627–28 (Alaska App.1983).