**Alex FOX, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 7483.**

Court of Appeals of Alaska.

Aug. 17, 1984.

William Grant Callow, Asst. Public Defender, and Dana Fabe, Public Defender, Anchorage, for appellant.

John A. Scukanec, Asst. Atty. Gen., Office of Special Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Following a jury trial, Alex Fox was convicted of first-degree sexual assault. Former AS 11.41.410(a)(1). Superior Court Judge Seaborn J. Buckalew, Jr., sentenced Fox to serve eight years in prison and suspended six and one-half years of the sentence. Fox appeals, contending that the superior court erred in denying his motion to suppress evidence. Fox also contends that the court gave an improper supplemental instruction in response to a jury question and erred in refusing to permit him to inspect the juvenile arrest record of the victim, R.H. We remand in order to allow the superior court to decide Fox's suppression motion on its merits.

■ Fox first claims that the superior court erred in denying his pretrial motion to suppress evidence. Fox was indicted on March 30, 1982. An omnibus hearing was scheduled in May but was not heard because no pretrial motions were filed. Fox's trial was eventually scheduled to begin on June 28, 1982. On that date, however, his

case was placed on a trailing calendar, and his trial did not actually begin until July 6.

On June 30, two days after the originally scheduled trial date, Fox filed a motion to suppress portions of a statement that he had made to the police on the night of his arrest. In his motion, Fox alleged that the police failed to cease interrogating him after he told them that he did not want to answer further questions. Fox claimed a violation of his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and *Giacomazzi v. State*, 633 P.2d 218 (Alaska 1981).

Superior Court Judge Ralph E. Moody issued an order expediting the hearing on Fox's motion to suppress and heard the motion on July 2, 1982. At the hearing, Fox's trial counsel, Kevin McCoy, acknowledged that his suppression motion had been filed late. McCoy explained that until the end of May the case had been assigned to another attorney in the public defender agency. McCoy interviewed Fox briefly in early June, shortly after the case had been reassigned. Based on this initial interview, McCoy believed that no viable suppression issue existed. McCoy then left the state from June 12 through June 28 to attend a seminar. Upon returning to the state, however, McCoy discussed the case with Fox more extensively. Based on this second interview, McCoy concluded that a genuine suppression issue existed. After the second interview, McCoy prepared and submitted the suppression motion as expeditiously as possible.

Judge Moody denied Fox's motion without reaching the merits, concluding that it was not timely and did not raise a "constitutional issue." Fox now argues that summary denial of his motion on procedural grounds was improper and that a remand is necessary to allow consideration of his argument.

We hold that Judge Moody abused his discretion in declining to consider the merits of Fox's suppression motion. Under Criminal Rule 12(c) [1], Fox's motion was unquestionably late, since it was filed after the time set for the omnibus hearing. The motion was therefore subject to being deemed waived under Criminal Rules 12(e) and 16(f)(3) [2] unless Fox established good cause for failing to file it within the prescribed period of time.

There is abundant precedent to support the conclusion that a suppression motion filed for the first time during trial may be deemed untimely and need not be considered on its merits. *See, e.g., United States v. Contreras*, 667 F.2d 976, 978 n. 2 (11th Cir.1982), *cert. denied*, 459 U.S. 849, 103 S.Ct. 109, 74 L.Ed.2d 97 (1982); *United States v. Gresham*, 585 F.2d 103, 108 (5th Cir.1978); *United States v. Schwartz*, 535 F.2d 160, 163 (2d Cir.1976), *cert. denied*, 430 U.S. 906, 97 S.Ct. 1175, 51 L.Ed.2d 581 (1977); *State v. Griffin*, 117 Ariz. 54, 570 P.2d 1067, 1069 (1977); *State v. Neese*, 126 Ariz. 499, 616 P.2d 959, 966–67 (Ariz.App. 1980); *People v. Martinez*, 14 Cal.3d 533, 121 Cal.Rptr. 611, 613–614, 535 P.2d 739,

1. Alaska R.Crim.P. 12(c) provides:
   *Motion date.* At the time of the arraignment or as soon thereafter as practicable, the court shall set a time for the making of pretrial motions. In the event that additional time is required for hearing the pre-trial motions, the remaining motions shall be processed during the omnibus hearing.…
   Under this rule, Fox's motions were required to be raised prior to or at the omnibus hearing, since no other date was expressly set by the superior court.

2. Alaska R.Crim.P. 12(e) provides:
   *Effect of Failure to Raise Defenses or Objections.* Failure by the defendant to raise defenses or objections or to make requests which must be made prior to trial, at the time set by the court pursuant to section (c) [of this rule], or prior to any extension thereof made by the court, shall constitute waiver thereof, but the court for cause shown may grant relief from the waiver.
   Alaska R.Crim.P. 16(f)(3) provides that motions should ordinarily be determined at the omnibus hearing and provides, in relevant part:
   Subject to constitutional limitations failure to raise at the omnibus hearing any pre-trial trial error or issue, other than the failure of the indictment to show jurisdiction or to charge an offense, constitutes waiver of such error or issue unless the party concerned does not then possess the information necessary to raise it.

741–42 (1975); *State v. Gerhardt,* 97 Idaho 603, 549 P.2d 262, 264 (1976).[3] However, few cases have upheld a finding of waiver where a suppression motion, though late, was filed prior to trial. *See State v. Hall,* 183 Mont. 511, 600 P.2d 1180, 1182 (1979); *Blakely v. State,* 542 P.2d 857, 860 (Wyo. 1975). Other cases, however, have found that, under certain circumstances, negligence of counsel constitutes good cause and permits a trial court to reach the merits of a suppression motion, even when the motion is first raised at trial. *See, e.g., United States v. Hall,* 565 F.2d 917, 919–20 (5th Cir.1978); *Glisson v. United States,* 406 F.2d 423, 425 (5th Cir.1969); *People v. Robertson,* 40 Colo.App. 386, 577 P.2d 314, 315–16 (1978).

In determining whether Fox showed good cause for deciding his untimely motion on its merits, the totality of the circumstances must be considered. Fox's motion involved a single, frequently raised issue that was capable of quick resolution, with a minimum of inconvenience to the court. At no time did the state allege that it would suffer any prejudice as a result of the lateness of the motion. Since Fox's case had been placed on trailing status, the superior court had the opportunity to resolve his motion before trial. There is no indication that a decision on the merits of Fox's motion would have interrupted any proceedings or delayed the trial. It is undisputed, moreover, that the lateness of Fox's motion resulted, in part, from reassignment of the case within the public defender agency and from the relative lack of attention the case received from Fox's trial counsel, due to his travel schedule. At worst, Fox's trial counsel was negligent in his handling of the matter, and it is at least arguable that he made reasonable efforts to discover and raise all issues as promptly as possible. There is no suggestion that Fox's trial counsel deliberately delayed filing the suppression motion for tactical advantage, or that he deliberately or recklessly disobeyed the trial court's calendaring orders.

Both this court and the Alaska Supreme Court have, in other situations, encouraged trial judges to rely on the use of monetary sanctions as the preferred means of assuring compliance with court rules and orders governing procedural matters. *See* Alaska R.Civ.P. 95(b). In cases involving negligence of counsel, our decisions and those of the supreme court have consistently discouraged the use of sanctions that might affect the merits of a criminal case by prejudicing the rights of a party, whether that party be the defendant or the state. *See, e.g., Johnson v. State,* 577 P.2d 230, 234 (Alaska 1978); *Stevens v. State,* 582 P.2d 621, 624 n. 9 (Alaska 1978); *Des Jardins v. State,* 551 P.2d 181, 187 (Alaska 1976); *State v. Lewis,* 632 P.2d 547, 549–51 (Alaska App.1981).

We believe these decisions are persuasive. We emphasize that, in this case, Fox was not personally responsible for the late filing of the suppression motion, and Fox's attorney, Mr. McCoy, did not act in bad faith or for the purpose of delay. Given that Fox's motion could readily have been decided on its merits without disrupting proceedings or prejudicing the state, we conclude that the superior court erred in denying the motion on procedural grounds. Our decision on this issue does not, at this time, necessitate reversal of Fox's conviction. Instead, we will remand the case to enable the superior court to

---

**3.** Many courts, however, appear to take the position that when the accused challenges the voluntariness of a confession, the trial court must determine the issue on its merits, even if it is raised for the first time during trial. *See, e.g., Hunter v. People,* 655 P.2d 374, 375–76 (Colo. 1982); *State v. Goers,* 61 Haw. 198, 600 P.2d 1142, 1143–44 (1979); *State v. Miles,* 233 Kan. 286, 662 P.2d 1227, 1235 (1983); *State v. Gallegos,* 92 N.M. 336, 587 P.2d 1347, 1349 (N.M.App. 1978); *State v. Fanger,* 34 Wash.App. 635, 663 P.2d 120, 121–22 (1983); *State v. McKeown,* 23 Wash.App. 582, 596 P.2d 1100, 1102–03 (1979). In this case, Fox clearly did not allege that his incriminating statements were involuntarily made. He alleged only that the police obtained the statements in violation of his *Miranda* rights. *See Giacomazzi v. State,* 633 P.2d 218, 222 n. 4 (Alaska 1981). We therefore need not decide whether a claim of involuntariness must be determined on its merits when it is untimely.

decide Fox's claim.[4] On remand, the court may consider Fox's trial testimony, as well as relevant testimony of other witnesses at trial; the court may also permit the parties to present such additional testimony or evidence bearing on Fox's motion as the court may deem appropriate. We will retain jurisdiction of the case pending the superior court's decision on remand. *See Johnson v. State,* 631 P.2d 508, 513–14 (Alaska App. 1981).

■ Fox next contends that the trial court erred in submitting a supplemental instruction to the jury in response to a jury question concerning the court's original instructions. The jury's confusion centered on instructions 21 and 27. Instruction 21 provided:

It is a defense to a charge of sexual assault in the first degree and attempted sexual assault in the first degree that the defendant entertained a reasonable and good faith belief that the female person voluntarily consented to engage in sexual intercourse. If from all the evidence you have a reasonable doubt whether the defendant reasonably and in good faith believed she voluntarily consented to engage in sexual intercourse, you must give the defendant the benefit of the doubt and acquit him of said charge.[5]

Instruction 27 provided:

Our law provides that "voluntary intoxication is not a defense to the prosecution for an offense."

In the offense charged in the indictment, the fact that the defendant was voluntarily intoxicated is not a defense and does not relieve him of responsibility for the crime.

"Intoxication" includes intoxication from the use of a drug or alcohol.

■ After a considerable period of deliberation, Fox's jury sent a note to the trial judge concerning the relationship of these two instructions:

The jury needs clarification on the relationship of instruction 21 to instruction 27. If the defendant is intoxicated and feels consent to the act exists which instruction takes precedence?

Over objection by Fox's trial counsel, the trial court responded to the jury's inquiry by providing an additional instruction, which stated: "As a matter of law, 'intoxication' is no defense to the charges."

Fox contends that the court's supplemental instruction was improper because it unduly emphasized instruction 27 and detracted from the significance of instruction 21 and the other jury instructions. We disagree. The trial court's supplemental instruction did not purport to answer directly the jury's question and did not, as Fox contends, inform the jury that instruction 27 took precedence over instruction 21.

---

**4.** We note that, on appeal, Fox asserts that his pretrial motion to suppress challenged the voluntariness of the statements he made to the police on the night of his arrest. Our review of the record reveals that the only issue raised by Fox's motion to suppress related to violation of his *Miranda* rights and did not implicate the voluntariness of the statements that he made. *See Giacomazzi v. State,* 633 P.2d 218, 222 n. 4 (Alaska 1981) (distinguishing claims alleging *Miranda* violations from claims relating to the voluntariness of a confession). This appears to be what Judge Moody referred to when he stated, in denying Fox's motion, that it did not raise a "constitutional issue." The superior court should limit argument on remand to the specific issue raised by Fox in his motion to suppress.

**5.** In *Reynolds v. State,* 664 P.2d 621, 625 (Alaska App.1983), we held that, under AS 11.41.410(a), the accused must be found to have acted reck-lessly with respect to the absence of consent in order to be convicted of first-degree sexual assault. The instruction submitted to Fox's jury did not expressly require recklessness as to consent and could arguably have permitted conviction based on negligence, rather than recklessness. We have found a similar instruction to constitute reversible error. *See Laseter v. State,* 684 P.2d 139, Op. No. 387 (Alaska App.1984). However, Fox did not object to the consent instruction at trial. Although *Reynolds* was decided shortly before submission of Fox's opening brief on appeal, he did not request us to consider the issue as a matter of plain error under Alaska R.Crim.P. 47(b). Upon review of the record, we conclude that the trial court's consent instruction did not constitute plain error. *See Bidwell v. State,* 656 P.2d 592, 595 (Alaska App.1983).

While the supplemental instruction was conclusory and did not attempt to reconcile instructions 21 and 27, it was not itself inaccurate. Rather, it paraphrased the language of instruction number 27, as originally given. Although the supplemental instruction undoubtedly emphasized instruction number 27, nothing in it intimated that it was intended to negate the effect of instruction number 21 or to detract from the jury's duty to determine, under that instruction, whether Fox reasonably believed that the victim had consented. While there was some evidence that Fox had consumed a small amount of beer and a small quantity of marijuana on the night of the offense, Fox did not testify that he was intoxicated or that his judgment was in any way impaired; nor did Fox's trial counsel argue intoxication to the jury.

While it might have been preferable under these circumstances for Judge Buckalew to have attempted to resolve the jury's uncertainty concerning the relationship between instructions 21 and 27, Fox objected to a reconciliation. The record shows that the prosecutor, in discussing the jury's note, expressly suggested that the trial court give an explanation reconciling instructions 21 and 27:

> MS. ANTEL: Your Honor, I agree with the court that using the word precedence in terms of referring to one instruction over another might be incorrect, but the jury is confused because we have two confusing instructions. We have one which tells them it's not a defense. I think the court should instruct them that it is nondefense which means that the defendant is not—does not have the right and therefore his belief that there was consent is not made reasonable by the fact that he may or may not have been intoxicated. I think some instruc-

tion by the court saying one cannot have a reasonable belief or one's belief is not made reasonable because one is intoxicated, therefore intoxication is not a defense, it does not render a belief, however mistaken, reasonable. I think that that's what they're asking you, Your Honor, and we have two instructions that are confusing. I would suggest avoiding the word precedence and just tell them what the law is. A defendant cannot get drunk and then claim that he reasonably believed ...

The prosecution's proposed reconcilation of instructions 21 and 27, although perhaps inartfully phrased, was nonetheless adequate to suggest an appropriate response to the jury's inquiry. *See* AS 11.81.630. Nevertheless, Fox's trial counsel objected to the state's proposal and insisted that, in response to the jury's question, the court should tell the jury only that neither instruction 21 nor instruction 27 took precedence over the other.[6]

Given Fox's objection to the state's proposal for a supplemental instruction reconciling instructions 21 and 27, and given his insistence that the jury be instructed only that instructions 21 and 27 were not inconsistent—a response that might have caused even greater confusion on the jury's part—we do not believe that the trial court abused its discretion in submitting to the jury the supplemental instruction that Fox now challenges.

■ Fox's final contention is that the trial court erred in failing to permit the defense to inspect R.H.'s juvenile arrest record. Fox argues that he was entitled to examine R.H.'s juvenile records in order to determine whether it contained any poten-

---

**6.** Fox's trial counsel disagreed with the substance of the prosecutor's suggested reconciliation of the instructions, and not with the prosecutor's articulation of the proposed reconciliation. Although Fox acknowledged that intoxication is not a defense to the crime, he contended that the jury should be permitted, in determining whether Fox reasonably believed that R.H. had consented to sexual intercourse, to consider

the possibility that Fox's judgment might have been impaired by intoxication. Fox's position is precluded by AS 11.81.630. *See also Neitzel v. State,* 655 P.2d 325, 330–31 (Alaska App.1982). Given Fox's position, we are convinced that Fox would have objected to the substance of any instruction by the trial court correctly explaining the relationship between instructions number 21 and 27.

tially useful information for cross-examination. We do not believe that Fox's argument has merit.

Authority to permit disclosure of R.H.'s juvenile arrest records is vested within the sound discretion of the trial court.[7] Although we believe that, if R.H.'s juvenile arrest records contained arguably admissible information, disclosure would have been advisable in order to permit the issue of relevance to be more fully developed by the parties in an adversary setting, we find no error in the trial court's failure to disclose the records in this case. Fox's counsel offered no specific theory in asserting the possible relevance of R.H.'s juvenile arrest records. After correctly determining that disclosure of the records might tend to infringe upon R.H.'s right to privacy, the trial court inspected them *in camera* and *ex parte* and concluded that they contained no adjudications of delinquency or any other information potentially relevant to cross-examination. Accordingly, the court declined to reveal them to counsel. Under the circumstances, we do not believe that the trial court abused its discretion in preliminarily conducting an *in camera* examination of the records, without disclosing them to the parties. *See, e.g., Gunnerud v. State,* 611 P.2d 69, 71–72 (Alaska 1980). *See also Dana v. State,* 623 P.2d 348, 354–55 (Alaska App.1981). Having independently reviewed the records, we are satisfied that they did not contain any arguably relevant or admissible evidence. We therefore hold that failure to disclose R.H.'s juvenile arrest records did not constitute error.[8]

This case is REMANDED to the superior court for determination of Fox's suppression motion.

---

7. A.R.E. 609(e) provides:
   *Juvenile Adjudications.* The court may allow evidence of the juvenile adjudication of a witness if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence would substantially assist in determining the credibility of the witness.

8. Fox does not argue that the prosecution or the trial court improperly attempted to assert R.H.'s right to privacy on her behalf without first determining if she would voluntarily consent to disclosure. *See Spencer v. State,* 642 P.2d 1371 (Alaska App.1982).