The PEOPLE of the State of
Colorado, Petitioner,

v.

Sheila Ann TYLER, Respondent.

No. 93SC192.

Supreme Court of Colorado,
En Banc.

May 9, 1994.

As Modified on Denial of Rehearing
May 16, 1994.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., John Daniel Dailey, Deputy Atty. Gen., Robert Mark Russel, First Asst. Atty. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for petitioner.

David F. Vela, State Public Defender, Lindy Frolich, Deputy State Public Defender, Denver, for respondent.

Justice KIRSHBAUM delivered the Opinion of the Court.

In *People v. Tyler*, 854 P.2d 1366 (Colo. App.1993), the court of appeals reversed the conviction of respondent, Sheila Ann Tyler, for distribution of a Schedule II controlled substance and possession of a Schedule II controlled substance.[1] The court held that the trial court's consideration of the merits of a suppression motion filed by Tyler rendered moot the trial court's ruling that the motion was untimely. The court also held that because an investigation conducted by members of the United States Army Criminal Investigation Command ("CID"[2]) violated certain provisions of the Posse Comitatus Act, 18 U.S.C. § 1385 (1988),[3] the trial court erred in denying Tyler's motion to suppress the evidence obtained as a result of that investigation. Having granted the People's petition for certiorari to review these determinations, we reverse the judgment of the court of appeals and remand the case with directions.

## I

In August of 1989, a confidential informant who had previously supplied reliable information to the CID told CID agents that he would take them to a civilian who was selling controlled substances to soldiers assigned to the military reservation at Fort Carson, Colorado. On August 18, 1989, the informant and CID Investigator Ernest D. Smith, Sr., visited Tyler's Colorado Springs, Colorado, apartment. Smith paid Tyler $100 in CID funds for six "rocks" of what appeared to be "crack" cocaine, a Schedule II controlled substance. § 12–22–310(1)(a)(V), 5 C.R.S. (1985 & 1988 Supp.) (now codified as § 18–18–204(2)(a)(IV), 8B C.R.S. (1993 Supp.)). During the transaction, Tyler showed Smith a plate containing twenty to thirty additional rocks of what appeared to be crack cocaine.

Smith conducted a field test on the rocks that indicated the presence of cocaine and then sent them to the United States Army Criminal Investigation Laboratory at Fort Gillem, Georgia. Laboratory tests performed there confirmed that the substance was cocaine. After federal authorities declined to file charges against Tyler, the CID gave the information and the evidence it had gathered to the Colorado Springs Police Department. Tyler was subsequently charged by information with distribution of cocaine and possession of cocaine.

The information in this case was filed on November 22, 1989. A preliminary hearing was held on December 14, 1989, at which probable cause was found. On April 13, 1990, a hearing was held on a motion filed by Tyler to disclose the identity of the confidential informant.

On August 27, 1990, the day before the trial was scheduled to begin, Tyler orally requested the trial court to suppress the cocaine on the ground that it had been obtained in violation of the Posse Comitatus Act of 1878, 18 U.S.C. § 1385 (1988). The

---

1. § 18–18–105(1)(a), 8B C.R.S. (1986 & 1988 Supp.) and § 12–22–310(1)(a)(V), 5 C.R.S. (1985 & 1988 Supp.) (now codified as §§ 18–18–405(1)(a) & 18–18–204(2)(a)(IV)), 8B C.R.S. (1993 Supp.)).

2. Although it is named the "Criminal Investigation Command," the United States Army has retained the initials "CID" for what was formerly named the Criminal Investigation Division.

3. The Posse Comitatus Act prohibits certain conduct by military personnel in aid of non-military law enforcement activities.

People objected to the motion, arguing that it was untimely. The trial court considered the motion the next day, after the jury had been empaneled.[4] In lieu of holding an evidentiary hearing, the trial court considered offers of proof. In explaining why the motion was filed at such a late date, Tyler's attorney stated that, although he knew from the beginning of the case about the CID's role in the events leading to Tyler being charged in this case, he only recently realized that the Posse Comitatus Act may have been violated.

The trial court initially determined that the motion was untimely. It then held, in the alternative, that the Posse Comitatus Act had not been violated. After a two-day jury trial, Tyler was convicted of distribution of cocaine and possession of cocaine. She was ultimately sentenced to ten years imprisonment in the Department of Corrections, which sentence was to be served concurrently with a sentence previously imposed in another, unrelated case.

On appeal, the court of appeals reversed the conviction. Relying on *People v. Robertson*, 40 Colo.App. 386, 577 P.2d 314 (1978), the court held that the trial court's ruling that the motion to suppress was untimely was rendered moot by the trial court's determination of the merits of the motion. The court of appeals also held that Tyler's motion to suppress the cocaine seized by the CID should have been granted because the CID's conduct in investigating Tyler violated the Posse Comitatus Act.

## II

■ The People argue that the court of appeals erred in concluding that by determining the merits of Tyler's motion to suppress evidence the trial court rendered moot its initial holding that such motion was untimely filed. We agree.

■ Motions to suppress evidence in criminal proceedings should be filed and determined prior to trial when the defendant is aware of the grounds for such motion.

Crim.P. 41(e), (g); *Barela v. People*, 826 P.2d 1249, 1252–53 (Colo.1992). This procedure reduces trial inefficiencies by requiring the parties to criminal proceedings to pursue discovery vigorously prior to trial. It also permits both the prosecution and the defense to prepare for trial with the benefit of enhanced knowledge of what evidence will and will not be introduced at trial. *See Cummings v. People*, 785 P.2d 920, 923–24 (Colo.1990); *People v. District Court*, 189 Colo. 159, 163, 538 P.2d 887, 889 (1975).

■ A trial court may deny a late-filed suppression motion if the grounds therefor were known or by due diligence were reasonably discernible prior to trial. Crim.P. 41(e), (g). *See* Crim.P. 45(d) (written motions to be filed generally no later than five days prior to date set for hearing); *Morgan v. People*, 166 Colo. 451, 453–54, 444 P.2d 386, 387 (1968) (trial court did not abuse discretion in decision to hear written suppression motion filed the afternoon prior to trial). *United States v. Coyote*, 963 F.2d 1328, 1332 (10th Cir.1992); *United States v. Garrett*, 961 F.2d 743, 748 (8th Cir.1992); *United States v. Wood*, 550 F.2d 435, 439–40 (9th Cir.1976). Of course, if the defendant could not by the exercise of reasonable diligence discover the grounds for such a motion in advance of trial, the defendant should not be deemed to have forfeited his or her right to seek suppression of evidence arguably obtained by constitutionally prohibited means. *See People v. Hinchman*, 196 Colo. 526, 532–33, 589 P.2d 917, 921–22 (1978) (Erickson, J., dissenting). A contrary ruling would inevitably result in a post-conviction proceeding focusing on the issue of ineffective assistance of counsel if the defendant is convicted.

■ A trial court's determination of whether a late-filed motion to suppress evidence is untimely may often require consideration of historical facts and evaluation of witness credibility. In cases where the evidence with respect to the justification for the

---

**4.** The transcript of the proceeding during which Tyler made her oral motion is not included in the record on appeal. A transcript of the proceeding that occurred on August 28, 1990, discloses that the trial court had not been able to hear the motion the prior day because of a crowded docket and believed that it had suggested that Tyler present the motion to another judge who was to conduct jury selection.

late filing is closely balanced, a trial court may well exercise its discretion to determine the merits of a motion that it concludes was filed untimely, as a cautionary matter, in recognition of the fact that a future reversal of its timeliness ruling would in all probability require a new trial.

In *People v. Robertson*, 40 Colo.App. 386, 577 P.2d 314 (1978), the court of appeals held that a trial court's ruling on the merits of a suppression motion rendered moot the trial court's alternative holding that the motion was untimely. In *Robertson*, the defendant was arrested in Colorado Springs by Fountain, Colorado, police officers for the offense of theft of a rifle. The officers had no warrant for the arrest. After being taken to the Colorado Springs police station and receiving warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the defendant made a voluntary statement which was largely exculpatory. En route to the Fountain jail, the defendant made another statement indicating that he knew the actual perpetrators of the crime but would not reveal their identities.

At trial, the defendant moved to suppress the statements. In addition to responding to the motion, the district attorney objected that it was untimely. After conducting a hearing on the merits of the motion, the trial court held that the motion was untimely and also denied the motion on the merits thereof. On appeal, the court of appeals reversed, holding that "[w]hen the court determined to entertain the motion and conduct a hearing thereon, the issue of timeliness of the motion became moot, and could not longer be a proper ground for the denial thereof." *Robertson*, 40 Colo.App. at 338, 577 P.2d at 316.

We disapprove the court of appeals' conclusion in *Robertson* that a trial court's consideration of the merits of a suppression motion renders moot any determination that the motion was not timely filed. Such conclusion renders moot the provisions of Crim.P. 41, and in effect insulates the timeliness ruling from judicial review. As we have indicated, the procedural requirements of Crim.P. 41 contribute to efficient and fair consideration of evidentiary questions important to the prosecution and the defense of criminal proceedings. Parties to such proceedings must adhere to those requirements.

 Having determined that the trial court's ruling that Tyler's motion was untimely is not moot, we conclude that the ruling was correct in the circumstances of this case. At the hearing conducted by the trial court, Tyler's attorney conceded that he had knowledge of the CID's involvement in Tyler's arrest from the onset of the criminal proceedings. The record conclusively establishes that questions concerning the applicability of the Posse Comitatus Act could have been identified by the exercise of reasonable diligence at the time or soon after the case was filed. In view of these circumstances, the oral motion to suppress introduction of critical evidence in the case on the eve of trial was untimely.

In view of our determination that the trial court properly denied Tyler's motion to suppress evidence on the ground that it was untimely, we do not address the court of appeals' holding that the CID's conduct violated the Posse Comitatus Act and that such violation required suppression of the cocaine at trial.[5]

For the foregoing reasons, we reverse the judgment of the court of appeals and remand the case to that court with directions to reinstate the judgment of conviction entered against Tyler.

---

5. We note, however, that the limited record available on appeal casts doubt upon the implicit conclusion of the court of appeals that the conduct of the CID did not primarily further a military purpose. *See State v. Nelson*, 298 N.C. 573, 260 S.E.2d 629, 639 (1979). *See also* 32 C.F.R. § 213.10(a)(2)(i) (1989). This provision was removed from the Code of Federal Regulations in 1993. 58 Fed.Reg. 25776 (Apr. 28, 1995).